Seltzer *v.* Reading et al., Appellants.

Argued January 6, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*John P. Wanner,* City Solicitor, for appellants.

*Darlington Hoopes,* for appellee.

PER CURIAM, January 31, 1941:

Plaintiff petitioned for a writ of alternative mandamus to restore him to the position of Chief of the Bureau of Electricity of the City of Reading, a third class city, from which he had been summarily removed by the City Council, and to reimburse him for lost salary. The learned court below ruled that the allegations of the petition were not sufficiently denied and entered an order for a writ of peremptory mandamus to issue. The petition set forth that plaintiff had passed the civil service examination; had been appointed to the position by resolution of the City Council, and had served for a period of almost two years; that no charges of any kind were preferred against him; and that he was given no hearing but was discharged summarily and placed in another position in the city service at a greatly reduced salary. The return of the defendants, the Mayor and Councilmen of the city, admitted these facts, and in vague language attempted to justify their action by alleging that petitioner had secured his appointment by fraud. We disregard this indefinite and uncertain allegation, which in other circumstances might be cured by amendment, because the removal of plaintiff was a plain violation of the civil service section of The Third Class City Law, Article 44, section 4408, which reads as follows: "All employes subject to civil service shall be subject to suspension by the director of the department for misconduct, or violation of any law of this Commonwealth, any ordinance of the city, or regulation of the department, pending action by the city council upon the charges made against any of such employes. On hearing before the city council, where they may be represented by counsel, they may be fined or suspended for a period not exceeding thirty days with or without pay, or they may be discharged by city council, if found guilty of the charges made against them." The plaintiff could only be discharged after hearing, and since it is admitted that no charges

was made against him and that he was discharged with-
out any hearing, he must be reinstated. That he was
appointed to another position, without his consent, does
not change this result: *Simmler v. Philadelphia,* 329
Pa. 197.

The order of the learned court below directing that a
peremptory writ of mandamus issue, requiring defend-
ants to reinstate plaintiff in the position of Chief Elec-
trician as of January 16, 1940, and to reimburse him
for the difference between the salary which he has re-
ceived and that to which he is entitled, is affirmed.

Order affirmed.