## Soltis Appeal.

Argued October 8, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*Edward A. Damrau,* with him *T. Robert Brennan* and *Brennan, Brennan & Damrau,* for appellants.

*Louis C. Burstin,* City Solicitor, for appellee.

OPINION BY MR. JUSTICE ARNOLD, November 11, 1957:

On August 20, 1956, the Council of the City of Duquesne, a third class city, passed an ordinance effective December 31, 1956, requiring all city employees to retire and apply for pensions upon reaching age sixty-five. This ordinance affected three policemen in that city, namely, George Wallington, Frank Szalay and William Soltis. All three policemen filed a request for hearing upon being informed of their retirement. The city denied their request, as did the Court of Common Pleas of Allegheny County which sustained the city's preliminary objections in the nature of a demurrer to the appellants' petition. These appeals followed from that order and will be treated in a single opinion.

The pertinent section of that ordinance provided, ". . . that effective December 31, 1956, *all City employees, including those under civil service* and appoint-

ed officials of the City of Duquesne shall apply for pension and retire from their respective positions or employment upon reaching the age of 65 years: same to apply to present employees, including those under civil service, and appointed officials who have now reached said age." (Italics supplied). Certainly it cannot be argued the ordinance was discriminatory as it refers to ". . . *all city employees* . . .", and places them in the same classification. (Italics supplied). However, appellants contend they are entitled to an open and public hearing regarding this "mandatory retirement". Merely because an individual has attained a civil service status, this does not guarantee to him life tenure; nor does it necessarily afford him the right to a hearing. We have consistently held that the purpose of the civil service acts is to insure employment, and security and protection for faithful and obedient public servants, regardless of political affiliation. *Gaul v. Philadelphia*, 384 Pa. 494, 499, 121 A. 2d 103. This is not a dismissal, based upon misconduct, incompetence, or political affiliation, but retirement based upon age limitation. The only useful purpose a hearing could serve, would be a denial of their age. However, since petitioners did not press this matter in their petition, nor before this bench, it must be assumed each has attained the requisite age for mandatory retirement as set forth in the ordinance.

Appellants further contend that this ordinance was an unauthorized councilmanic act; that since the municipality is a creature of the state, and an agent thereof, the city council is limited to those areas prescribed by The Third Class City Code. Moreover, they allege, since the state has enacted certain laws pertaining to the dismissal or suspension of civil service employees, the city is precluded from passing a mandatory retirement age for employes. But if the State Legislature-

has seen fit to legislate and enable cities of the Third Class to establish pension boards and retirement funds, inferentially it has left to the municipality certain details of administration and control of those matters not legislated upon by the state, which are certainly necessary to the orderly and proper functioning of a retirement or pension fund. As far as policemen are concerned, the Third Class City Code establishes minimum eligibility for retirement, but not a maximum as far as age is concerned. Therefore, it must follow that the legislature intended the local municipalities to enact ordinances in this area, provided, that they be reasonable, general and non-discriminatory. See *Commonwealth ex rel. Siani v. City of Wilkes-Barre*, 164 Pa. Superior Ct. 529, 67 A. 2d 776.

In *Boyle v. Philadelphia*, 338 Pa. 129, 12 A. 2d 43, the city council of the City of Philadelphia provided by ordinance for the mandatory retirement of policemen and firemen of certain classifications. This Court there declared, at page 133: "Where a bona fide attempt is made by a municipality to improve its police and fire service, and *all employees of the same class are treated alike,* it would seem that there can be no doubt that the municipality has the right to adopt a plan of demotion and retirement based upon age limitations. To say that for economy a police force can be reduced, but for efficiency men too old for real service cannot be retired, does not make sense. This is not the case of an individual, it is the case of all [employees] . . ." (Italics supplied).

It is contended by appellants that the cases of *Seltzer v. Reading*, 340 Pa. 573, 17 A. 2d 872, *Steiner v. Reading*, 341 Pa. 164, 19 A. 2d 283 and *Schearer v. Reading*, 346 Pa. 27, 28 A. 2d 790, control these appeals. From an examination of these cases it is evident the court was concerned solely with the *discharge*

and *dismissal* of a city employe. The instant case deals strictly with *retirement*. Without defining the distinguishing terms of that line of cases and the instant appeals, we are certain that a known and marked difference exists between the words "dismissal" and "retirement".

Judgment affirmed.