McIlvaine *v.* Pennsylvania State Police.

506

Submitted on briefs September 8, 1972, to President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Boyd H. Walker,* with him *Donald H. Lipson* and *Walker, Thomas & Karess,* for plaintiff.

*Curtis M. Pontz,* Deputy Attorney General, with him *J. Shane Creamer,* Attorney General, for defendant.

OPINION BY PRESIDENT JUDGE BOWMAN, November 10, 1972:

In this mandamus action we had heretofore dismissed the Commonwealth's preliminary objections in the nature of a demurrer because it was not entirely clear and free from doubt that plaintiff had failed to state a cause of action. *McIlvaine v. State Police,* 3 Pa. Commonwealth Ct. 478 (1971). In doing so, we observed that plaintiff was faced with the formidable task of proving the statute in question to be arbitrary or discriminatory. It is now before us on the merits after defendant's answer to the complaint and the filing of a stipulation of facts entered into by the parties in lieu of an evidentiary hearing. Plaintiff's proof as established by the stipulated facts is inadequate to make out his case.

The agreed-to facts disclose that plaintiff, Joseph F. McIlvaine, joined the Pennsylvania State Police on March 20, 1933, and served continuously therein until July 7, 1970, on which day he attained the age of sixty years, enjoyed the rank of captain, was in good physical condition and was the commanding officer of a troop. The following day he was notified by the Commissioner that he was dropped from the roles of the Pennsylvania State Police effective midnight July 7, 1970, in accordance with and solely because of Section 205 of The Administrative Code of 1929, Act of April 9, 1929, P. L. 177, 71 P.S. §65, subsection (d)[1] of which

---

[1] This subsection was added to Section 205 by the amendatory Act of July 10, 1957, P. L. 682, the title of which provides "fixing compulsory resignation ages for members of the Pennsylvania State Police."

provides: "(d) Any member of the Pennsylvania State Police, except the Commissioner and Deputy Commissioner, regardless of rank, who has attained or who shall attain the age of sixty years, shall resign from membership in the said police force: Provided, however, That the provision of this paragraph shall not apply to members of the State Police Force who upon attaining the age of sixty years shall have less than twenty years of service. Upon completion of twenty years of service, the provision of this paragraph shall become applicable to such persons."

In seeking reinstatement to membership and rank in the Pennsylvania State Police, plaintiff contends that the statute mandating his retirement is invalid (a) as unreasonable and discriminatory, (b) as violative of his civil rights as protected by the Pennsylvania Human Relations Act[2] and as guaranteed by Article I, Section 26, of the Pennsylvania Constitution of 1968, and (c) as violative of his Fourteenth Amendment rights under the Federal Constitution.

In advancing these contentions, plaintiff recognizes that mandatory retirement of police officers by reason of age has long been recognized in Pennsylvania when the legislative enactment is uniformly applied and the test of reasonableness is not offended. *Soltis Appeal,* 390 Pa. 416, 135 A. 2d 744 (1957); *Boyle v. Philadelphia,* 338 Pa. 129, 12 A. 2d 43 (1940).

In *Boyle,* involving an ordinance providing for compulsory retirement at age sixty-five of all patrolmen in the Police Bureau and all hosemen and laddermen in the Fire Bureau, our Supreme Court said: ". . . Of course, in the absence of express statutory prohibition, the power is inherent in a municipality to prescribe reasonable and nondiscriminatory superannuation

---

[2] Act of October 27, 1955, P. L. 744, as amended, 43 P.S. §951 et seq.

classifications, similar to those here set up, with respect to its firemen and policemen. Experience has demonstrated that generally one who has attained the age of sixty or sixty-five does not possess the physical vitality or energy of a younger man. Some maximum age limitation is particularly desirable, in fact necessary, for hoseman, ladderman, and patrolman, because the duties of those positions demand a greater degree of physical vigor and alertness than that exacted of superior officers. Such employees are frequently required to perform work which is strenuous and dangerous. They must possess physical fitness and a mental attitude that will cause them to disregard personal safety in the public service. While there are some individual exceptions, it is undoubted that the man of sixty is not as physically able to perform exhausting duties as is a younger man. Certainly, it is also true that he has developed a mental attitude of caution to danger that would be disregarded by one more youthful. Acts of strength, endurance, and bravery are not usually performed by men of three score years. They are generally physically incapable of such action. *Whether the age at which the average man's physical and mental conditions show him unfit for strenuous and hazardous work is fifty, sixty, or seventy is a question determined by the exercise of sound discretion based on experience, and that is exactly what the city council did in the ordinance before us . . . .*" (Emphasis added) 338 Pa. at 131, 12 A. 2d at 44-45.

As to his first contention, plaintiff finds unreasonableness and a lack of uniformity in the two categorical exceptions found in the statute, namely (1) the exclusion of the Commissioner and Deputy from its provisions, and (2) the provision allowing members who have attained sixty years of age but with less than twenty years of service to continue membership until the twenty year service requirement is met.

As the Commissioner and Deputy Commissioner of the Pennsylvania State Police are appointive positions subject to discharge by the appointing authority,[3] while members of the force are subject to dismissal only by court martial proceedings,[4] we have no difficulty in concluding that exclusion of these officials from the operation of the statute is nondiscriminatory and manifestly reasonable to give meaning to the law relating to their appointment and discharge.

Nor do we believe, without proof of its operative effect, that the exception applicable to members of the force who have attained sixty years of age but lack twenty years of service—a provision apparently directed toward retirement eligibility—is so wanting in purpose and reason as to require it to be judicially declared arbitrary and discriminatory as against plaintiff and others of his class who have served twenty years when they attain or will attain sixty years of age.

There is no evidence in the stipulated record as to the impact, if any, of this provision on plaintiff or on the class to which he belongs. It may well be because of the maximum age limitation with respect to entry into the Pennsylvania State Police[5] that this particular provision is without any practical significance and without any impact at all upon plaintiff or his class. The presumed constitutionality of the statute should not be overturned in a fact vacuum simply because on its face it may appear to create a special class and hence want uniformity within the greater class.

---

[3] Sections 207, 213, The Administrative Code of 1929, 71 P.S. §§67, 73; Pa. Const. art. VI, §7 (1968).

[4] Section 711, The Administrative Code of 1929, 71 P.S. §251.

[5] *See* Section 8 of the Act of June 3, 1919, P. L. 366, as amended, 71 P.S. §1193(a), fixing age limitations of applicants for appointment to the Pennsylvania State Police Force as those between the ages of twenty-one and forty years.

It is plaintiff's second contention that *statutorily created* civil rights are within the protection of Article I, Section 26, of the Pennsylvania Constitution of 1968 and that Section 205(d) here under attack violates plaintiff's civil rights as declared in the Pennsylvania Human Relations Act.

Article I, Section 26, of our Constitution provides that "[n]either the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right."

The inherent and specific rights reserved to and declared to be in the people of the Commonwealth are pronounced in the preceding sections of Article I of the Constitution which, together with Section 26, constitute our Declaration of Rights. Although Section 26 does not in itself define a new substantive civil right as such, it does declare that neither the State government nor local governments shall deny to any person the enjoyment of such rights nor discriminate against them in the exercise thereof.

Assuming but not deciding that statutorily created "civil rights" are within the protection of Article I, Section 26, of our Constitution, plaintiff's argument is, nevertheless, without merit, as it ignores the very essence of the statute and its provisions which he says protects him. The Pennsylvania Human Relations Act does not absolutely protect one against discharge from employment by reason of age; it does not guarantee retention of employment until death or proof of the employee's inability to perform. Rather, it is designed to protect against *discrimination* in discharge from employment by reason of age and in doing so recognizes a "bona fide occupational qualification" as nondiscriminatory, as are terminations of employment by reason of retirement and pension plans and other like programs. In essence, with respect to termination of em-

ployment by reason of age, it proscribes such terminations on a discriminatory basis. To reach the conclusion plaintiff would have us reach as to this contention, we would have to hold that the Pennsylvania Human Relations Act prohibits discharge from employment by reason of age without exception, a conclusion which the statute does not permit us to reach. Alternatively, plaintiff appears to assert, without any supporting proof in the record, that a mandatory retirement age for State police officers as a class is not a bona fide occupational qualification. To merely say so is not enough, particularly in light of the *Soltis* and *Boyle* cases, *supra*. The fact that a particular police officer is physically fit and able to perform his duties or that minds may differ upon the particular mandatory retirement age selected by the Legislature is not proof of want of bona fides as to the qualification otherwise applied uniformly and nondiscriminatorily to the selected class.

In his third contention that Section 205 (d) violates his Fourteenth Amendment rights under the Federal Constitution, plaintiff cites only the Federal Age Discrimination in Employment Act, 29 U.S.C.A. §§621-634 (Supp., 1972), as supporting authority. This Federal enactment, like its Pennsylvania counterpart, prohibits discriminatory termination of employment because of age. However, it too recognizes as nondiscriminatory bona fide occupational qualifications and retirement and pension programs which are uniform in their application.

Even if one assumes that this Federal statute is applicable to the Commonwealth as an "employer," it lends no more support to plaintiff's position than his second contention which we have rejected for the reasons stated.

Finally, threaded throughout plaintiff's argument is a contention that because he is admittedly physically

fit and capable of performing the duties of his office as a troop commander, which are less physically demanding than the duties of the members of the force in general, he is individually subjected to discrimination. Thus, plaintiff would have us declare that a member of a class subjected to a mandatory retirement statute has a right, not only to test the reasonableness of the statute as to the class affected or the reasonableness of any exceptions within the general class, but also to establish that there are other possible reasonable and nondiscriminatory exceptions—in this case, that officers of a certain rank and assignment might well be excluded from its operation. This is a legislative function, not a judicial function.

The General Assembly has declared that Section 205 (d) shall apply to all members of the force with the two exceptions discussed and found not to be unreasonable or discriminatory.

Without proof that it acted arbitrarily in carving out of the general class of State employees the members of the Pennsylvania State Police or that a particular age for retirement is not a bona fide occupational qualification, plaintiff cannot prevail.

Accordingly, we enter the following

### ORDER

Now, November 10, 1972, judgment is hereby entered in favor of defendant, the Pennsylvania State Police, and against the plaintiff, Joseph F. McIlvaine.

---

CONCURRING OPINION BY JUDGE KRAMER:

Although I agree with the majority that the plaintiff, in this case, cannot prevail, I feel constrained to state the limited grounds on which I base my conclusion.

First, I must state that I find no difficulty with the fact that Section 205 of The Administrative Code of 1929, Act of April 9, 1929, P. L. 177, as amended, 71 P.S. §65 provides an exception for the Commissioner and Deputy Commissioner of the Pennsylvania State Police from mandatory retirement at sixty years of age. These positions constitute a separate reasonable classification. I also accept that it is proper and permissible to require all other State Policemen to retire at sixty years of age. As the majority aptly establishes, a mandatory retirement age is permitted when it is a "bona fide occupational qualification."

However, the different treatment of two policemen of the same age presents a different question. While an age limitation may be a valid occupational qualification, to extend that limitation for members of the State Police who have not attained twenty years' service cuts at the heart of the issue. If one policeman is permitted to work until he reaches seventy years of age, surely the mandatory retirement of others at age sixty becomes suspect as a bona fide occupational qualification. I recognize, as does the majority, that this provision is apparently directed toward retirement eligibility. While this is an admirable objective, the statute is, nonetheness, discriminatory on its face. The majority focuses on the heavy burden of proof placed upon the appellant and finds that he fails to meet the necessary burden. I would draw, instead, on the United States Supreme Court cases requiring states to bear the heavy burden of justifying legislation which patently discriminates on the basis of race or color,[1] for I think it is now time to include age, together with sex, as a suspect criterion. *See Pittsburgh Press Employment Advertising Discrim-*

---

[1] *See Kramer v. Union School District,* 395 U.S. 621, 628 n. 9 (1969) ; *Loving v. Virginia,* 388 U.S. 1, 9 (1967) ; *Korematsu v. United States,* 323 U.S. 214, 216 (1944).

*ination Appeal*, 4 Pa. Commonwealth Ct. 448, 287 A. 2d 161 (1972).

In view of my position concerning the use of age as a basis for legislative classification, I concur solely on the ground that in 1919 the Legislature established the age qualifications for appointment to the State Police Force, i.e., that applicants be between the ages of twenty-one and forty years. *See* Section 8 of the Act of June 3, 1919, P. L. 366, as amended, 71 P.S. §1193(a). The forty year age limitation, having been in effect since the year 1919, eliminates the possibility of different treatment with respect to members of the Force; and therefore the issue becomes moot. I respectfully concur.

