WILLIS J. ZICK, Corporation Counsel, Waukesha County
You state that sec. 41.02 (23), Stats., requires the mandatory retirement of any county employe upon reaching age 55 if such an employe is a "protective occupation participant" as defined in sec. 41.02 (11) (a), Stats. You also state that the Age Discrimination in Employment Act of 1967 was recently amended to include county employes among those protected by the provisions thereof. You further state that the Waukesha County Civil Service Commission, which is empowered by ordinance to establish qualifications for deputies, has established the maximum age of 35 years for applicants for deputy sheriffs. You then request my opinion as to whether the Age Discrimination in Employment Act of 1967, as amended, invalidates:
 (1) the age 55 retirement provision contained in sec. 41.02 (23), Stats., for protective occupations, and *Page 531 
 (2) the 35 year maximum age requirement for applicants for deputy sheriffs established by the Waukesha County Civil Service Commission.
Section 41.02 (11), Stats., defines "protective occupation participant" as ". . . any participant whose principal duties involve active law enforcement . . . provided such duties require frequent exposure to a high degree of danger or peril and also require a high degree of physical conditioning." Deputy sheriffs if so engaged and certified are included therein. Section 41.02 (23), Stats., provides that the normal retirement date for each "protective occupation participant" means the day on which such participant attains the age of 55 years. Section 41.11 (1), Stats., provides that any participating employe who has reached his normal retirement date shall be retired at the end of the calendar quarter year in which such date occurs, unless, his employment is continued by his employer or appointing authority. Said sections of the statutes, of course, are part of ch. 41 and involve the Wisconsin Retirement Fund.
The applicable portions of the Age Discrimination in Employment Act of 1967,[1] as amended, read as follows:
"Sec. 2. (a) The Congress hereby finds and declares that-
"***
 "(b) It is therefore the purpose of this Act to promote employment of older persons based on their ability rather than age; to prohibit arbitrary age discrimination in employment; to help employers and workers find ways of meeting problems arising from the impact of age on employment.
"Sec. 4. (a) It shall be unlawful for an employer-
 "(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;
"*** *Page 532 
 "(f) It shall not be unlawful for an employer, employment agency, or labor organization-
 "(1) to take any action otherwise prohibited under subsections (a), (b), (c), or (e) of this section where age is a bona fide occupational qualification reasonably necessary to the normal operation of the particular business, or where the differentiation is based on reasonable factors other than age;
 "(2) to observe the terms of a bona fide seniority system or any bona fide employee benefit plan such as a retirement, pension, or insurance plan, which is not a subterfuge to evade the purposes of this chapter, except that no such employee benefit plan shall excuse the failure to hire any individual; or
 "(3) to discharge or otherwise discipline an individual for good cause.
"***
"Sec. 11. For the purposes of this Act-
"***
 "(b) The term `employer' means a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year: Provided, That prior to June 30, 1968, employers having fewer than fifty employees shall not be considered employers. The term also means (1) any agent of such a person, and (2) a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State, and any interstate agency, but such term does not include the United States, or a corporation wholly owned by the Government of the United States.
"***
 "(f) The term `employee' means an individual employed by any employer except that the term `employee' shall not include any person elected to public office in any State or political *Page 533 
subdivision of any State by the qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff, or an appointee on the policy-making level or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office. The exemption set forth in the preceding sentence shall not include employees subject to the civil service laws of a State government, governmental agency, or political subdivision.
"***
 "Sec. 12. The prohibitions in this Act shall be limited to individuals who are at least forty years of age but less than sixty-five years of age."
The purpose of the Act is to promote the employment of older persons based upon ability rather than age and to prohibit arbitrary age discrimination in employment of individuals between 40 and 65 years of age. The states and their political subdivisions are included therein. Various exceptions are, however, provided for under the Act. Included among the exceptions are the following: a bona fide occupational qualification reasonably necessary to the normal operation of a particular business or where the differentiation is based on reasonable factors other than age and a bona fide employe retirement plan which is not a subterfuge to evade the purposes of the Act.
The answer to your first question is no.
The normal retirement date for each "protective occupation participant" provided for in sec. 41.02 (23), Stats., becomes mandatory unless his employer or appointing authority continues his employment pursuant to the provisions of sec. 41.11 (1), Stats. For the purposes of this opinion, I assume Waukesha County has decided not to continue such employment beyond age 55.
In Air Line Pilots Ass'n, Int'l v. Quesada (1960), 276 F.2d 892,Cert. denied, 366 U.S. 962, an administrative ruling by the then Federal Aviation Agency disqualifying pilots from active duty upon reaching age 60 was upheld. The court in McIlavanie v.Pennsylvania State Police (1972), 6 Pa. Cmwlth 505, *Page 534 296 A.2d 630,[2] held that a Pennsylvania statute requiring mandatory retirement of state policemen at age 60 did not violate the Age Discrimination in Employment Act, since nondiscriminatory bona fide occupational qualifications and retirement and pension programs are exceptions thereto.[3]
The purpose of sec. 41.02 (23), Stats., is to protect the safety and well being of those individuals who are engaged in hazardous and strenuous occupations, as well as their families and the public in general. As previously stated, secs. 41.02 (11), (23) and 41.11 (1), Stats, are all part of ch. 41 and involve the Wisconsin Retirement Fund, which in my opinion constitutes a bona fide employe retirement and pension plan permitted by the Act.
The answer to your second question is also no.
In Hodgson v. Greyhound Lines, Inc. (1974), 499 F.2d 859, the Court of Appeals for the Seventh Circuit reversed the district court and held that Greyhound's maximum hiring age policy which declined to consider applications for inter-city bus drivers for individuals 35 years of age or older did not violate the Age Discrimination in Employment Act. In reaching this conclusion the court found that Greyhound had sustained its burden of showing that its policy was within the bona fide occupational qualification exception of the Act. Greyhound submitted evidence which showed that under its seniority system all new drivers are given assignments which require vigorous physical and mental demands and that the human body undergoes physical and sensory changes beginning at age 35, which in turn, would increase the risk of harm to its passengers.
Accordingly, it is my opinion that the 35 year maximum age requirement for applicants for deputy sheriffs established by the Waukesha County Civil Service Commission is a bona fide occupational qualification and thus, not invalidated by the Act.
VAM:GBS
[1] P.L. 90-202, 81 Stat. 602, 29 U.S.C. § 621 et seq., as amended by P.L. 93-259, effective May 1, 1974.
[2] Affirmed 309 A.2d 801, appeal dismissed for want of a substantial federal question by the United States Supreme Court (1974). 94 S.Ct. 1583.
[3] A federal district court reached a different result based primarily upon the failure to sustain the burden of proof. Murgiav. Commonwealth of Massachusetts Bd. of Retire (1974),376 F. Supp. 753. *Page 535