Paul Delvitto, Appellant, *v.* Dorothy Shope, as Commissioner of the County of Westmoreland and a Member and Chairman of the Westmoreland County Retirement Board; James R. Kelley, Commissioner of Westmoreland County Retirement Board; Robert Shirey, Commissioner of Westmoreland County and as a Member of the Westmoreland County Retirement Board; Andrew Kritsky, Member of the Westmoreland County Retirement Board; and Wayne Gongaware, Secretary and Member of the Westmoreland County Retirement Board, Appellees.

Argued November 6, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Franklin L. Bialon,* with him *Shire, Bergenstein & Bialon,* for appellant.

*H. Reginald Belden, Jr.,* for appellees.

OPINION BY JUDGE BLATT, February 27, 1975:

On January 27, 1972 the Board of County Commissioners (Commissioners) of Westmoreland County, a Third Class County, adopted a resolution requiring that the retirement system for county employees should provide for involuntary discontinuance from service at the age of 65. The resolution also provided that involuntarily discontinued employees would begin to receive, immediately after their separation from service, any benefits to which they would be entitled under the county retirement system. On December 15, 1972 the Westmoreland County Retirement Board (Retirement Board) adopted a motion authorizing payment of retirement benefits to all employees who fell within this policy previously set by the Commissioners.

On December 29, 1972 Paul Delvitto (plaintiff), a Deputy Sheriff, filed a complaint in a class action on behalf of himself and other county employees who would be affected by the actions of the Commissioners and the Retirement Board, seeking preliminary and permanent injunctions. The Court of Common Pleas of Westmoreland County issued a preliminary injunction, which was dissolved after the complaint was considered at a hearing and dismissed on May 1, 1973. The plaintiff then took exceptions which were dismissed, and an appeal to this Court followed.

The plaintiff argues first that the establishment of a mandatory retirement age violated his civil rights both under the Pennsylvania Constitution of 1968, Article 1, Section 26, and under the Fourteenth Amendment of the United States Constitution. Such claims were rejected by this Court in *McIlvaine v. Pennsylvania State Police,* 6 Pa. Commonwealth Ct. 505, 296 A.2d 630 (1972), *affd.*

on the opinion of the Commonwealth Court, 454 Pa. 129, 309 A.2d 801 (1973), *appeal dismissed,* 415 U.S. 986 (1974), and we are compelled to reach the same conclusion in the case before us.

The plaintiff asserts that the Pennsylvania Human Relations Act, Act of October 27, 1955, P.L. 744, *as amended,* 43 P.S. §951 et seq., enumerates "civil rights" which fall within the protection guaranteed by Article 1, Section 26, of the Pennsylvania Constitution of 1968, and this Act does, of course, refer to discrimination based on age. Even if we were to assume, however, that such statutorily created "civil rights" are to be automatically included within the protection of the Pennsylvania Constitution, by virtue of Article 1, Section 26, it must be noted that the statute by its own terms recognizes an exception where employment is terminated because of the terms or conditions of any bona fide retirement or pension plan. Section 5(a) of the Pennsylvania Human Relations Act, 43 P.S. §955(a). Clearly a plan, such as the one involved here, which establishes an involuntary retirement at age 65 and provides for receipt of retirement benefits at that age, falls within this statutory exception.

The plaintiff argues that the Commissioners never considered the capability of individual employees who might be able to work effectively past the age of 65. He also asserts that the Commissioners never made an actuarial study to determine the effect of their action upon the retirement fund, although he states in his brief that the retirees presently receive an average monthly retirement allowance of $91.40. These arguments, however, relate merely to the wisdom of the Commissioners' legislative judgment and in no way negate the fact that the mandatory retirement provision is part of a bona fide retirement plan.

With respect to the federal constitutional protection which is also here asserted, we would again refer to our

opinion in *McIlvaine, supra,* where we noted that the federal law likewise recognizes bona fide retirement and pension programs as non-discriminatory if they are uniform in their application.

The plaintiff further argues that neither the Retirement Board nor the County Commissioners have the power to set a mandatory retirement age. He asserts that such power rests with the Salary Board which is given the statutory authority to fix the number and compensation of certain county employees. The County Code, Act of August 9, 1955, P.L. 323, Section 1623, 16 P.S. §1623.

In *Boyle v. Philadelphia,* 338 Pa. 129, 12 A.2d 43 (1940), the Supreme Court of Pennsylvania held that, in the absence of express statutory prohibition, the power is inherent in a municipality to prescribe reasonable and non-discriminatory superannuation classifications. If the State Legislature has seen fit to legislate so as to enable a municipality to establish pension boards and retirement funds, it has inferentially left to the municipality certain details of administration and control of those matters which are necessary to their orderly and proper functioning. *Soltis Appeal,* 390 Pa. 416, 135 A.2d 744 (1957). The setting of a maximum age for city employees was considered by the court in *Soltis* as falling within that inferred authority, so long as it was reasonable, general and non-discriminatory. Inasmuch, therefore, as the implied power of a municipality to set a mandatory retirement age is derived from its express power to establish pension boards and retirement funds, the local body which exercises those express powers is the appropriate one to exercise the implied power as well. And, under the County Pension Law, Act of August 31, 1971, P.L. 398, Section 4(a), 16 P.S. §11654(a) (Supp. 1974-1975), the county commissioners of a Third Class County are authorized to establish, by resolution, a retirement system for county employees. The Board of County Commission-

ers is, therefore, the proper body to set a mandatory retirement age in this instance, not the Salary Board.

Finally, the plaintiff asserts that the Salary Board acted unlawfully on December 7, 1972 when it allegedly adopted a policy requiring that positions becoming vacant because of retirement could not be filled thereafter except by permission of the Salary Board. We need not respond to this argument, for the complaint herein considered does not address itself to the actions of the Salary Board, and any allegedly unlawful acts by that Board are not the subject of this litigation.

The order of the lower court is, therefore, affirmed.