John J. Doyle *v.* City of Scranton, Eugene Peters, Mayor of the City of Scranton, Anthony Batsavage, Director of Public Safety, Civil Service Commission, William Feldcamp, City Controller, David H. Davis, City Treasurer and John J. McCrone, Superintendent of Police, Appellants.

Argued October 9, 1975, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Ralph J. Iori, Jr.*, Assistant City Solicitor, for appellants.

*George Houck*, for appellee.

OPINION BY JUDGE BLATT, November 18, 1975:

John J. Doyle began serving as a reserve patrolman in the Scranton Police Department on May 12, 1955 and he became a regular Policeman on October 1, 1961. In approving each of Doyle's appointments, the Civil Service Commission waived the City's maximum age requirement of 37 years, for Doyle was 48 years old at the time of his initial appointment in 1955. Doyle served continuously as a regular Policeman until February 22, 1973 by which time he had passed the age of 65, and his employment was then terminated pursuant to a City ordinance, enacted in 1968, which provided for mandatory retirement at that age. Doyle had become a member of the Police Pension Association in 1961 when he became a regular Policeman, but he received credit then for the six years

previously served as a reserve patrolman. Nevertheless, by the date of his mandatory retirement he had not yet completed the 25 years of service necessary for him to be eligible to receive a pension from the City's Police Pension Fund. He instituted this action in mandamus to compel the City to reinstate him to his former position with back pay so that he could accumulate the necessary 25 years of service to qualify for pension benefits. The Court of Common Pleas of Lackawanna County granted the relief sought and this appeal by the City followed.

The first question at issue here is the City's authority to legislate a mandatory retirement age. Doyle correctly cites our opinion in *Wolkoff v. Owens*, 12 Pa. Commonwealth Ct. 74, 314 A.2d 545 (1974) for the proposition that the City of Scranton, a Second Class A city, has no legislative authority to dismiss members of its police force for economy reasons. In *Bauer v. Peters*, 17 Pa. Commonwealth Ct. 194, 331 A.2d 245 (1975) we recently reaffirmed our position in *Wolkoff*. But those cases have no application here, for the power of a municipality to legislate a mandatory retirement age is not based on its power to remove employees for economy reasons. In *Soltis Appeal*, 390 Pa. 416, 135 A.2d 744 (1957) our Supreme Court held that the State Legislature, by enabling municipalities to establish pension boards and retirement funds, has inferentially left to the municipalities ·certain details of administration and control, not legislated upon by the state, which are necessary to the orderly and proper functioning of a retirement or pension fund. In *Soltis*, an ordinance requiring all city employees to retire and apply for pensions at age 65 was found valid in the municipality there concerned. As to Scranton, a City of the Second Class A, the State Legislature has given City Council the power to establish and regulate pension and retirement funds which power carries with it the power to determine the age at which employees should retire. *Beynon v. Scranton*, 212 Pa. Superior Ct. 526,

243 A.2d 190 (1968). It seems clear, therefore, that the City had power here, through its Council, to set up a mandatory retirement age. Doyle, however, attempts to distinguish the *Soltis* reasoning in that the employees challenging the ordinance there were all eligible for pension, which is obviously not the case here. Even if we were to accept this distinction, it is clear in any event that the power is *inherent* in a municipality to prescribe reasonable and nondiscriminatory superannuation classifications with respect to its policemen, including the power to provide for compulsory retirement at age 65. *Boyle v. Philadelphia,* 338 Pa. 129, 12 A.2d 43 (1940). The absence of the City's authority to *dismiss* policemen for economy reasons can, therefore, have no bearing on its independent and inherent power to compel *retirement.* "[A] known and marked difference exists between the words 'dismissal' and 'retirement.'" *Soltis Appeal, supra,* 390 Pa. at 420, 135 A.2d at 746.

Doyle also argues that the mandatory retirement provisions, enacted after his employment began, could not inhibit his ability to satisfy the conditions originally imposed upon his receipt of pension benefits, including the completion of 25 years of service. The lower court accepted this argument and in doing so relied on the rules established in *Harvey v. Allegheny County Retirement Board,* 392 Pa. 421, 141 A.2d 197 (1958) as to whether changes in the terms of a retirement contract may be applied to one who has already entered into the retirement contract by virtue of his employment relationship. The rules established in *Harvey* provide:

> "An employe who has not attained eligibility to receive a retirement allowance may not be subject to legislation which changes the terms of the retirement contract if the change does not reasonably enhance the actuarial soundness of the retirement fund." 392 Pa. at 432, 141 A.2d at 203.

The argument before this Court, therefore, resolved itself largely into a question of whether or not the fixing of a

mandatory retirement age for employees reasonably enhanced the actuarial soundness of the retirement fund. We need not pursue that inquiry, however, for our review of the *Boyle* case indicates that the Court there foresaw the possibility that the establishment of a mandatory retirement age might prevent an individual from meeting the minimum service conditions already imposed upon the receipt of a pension. The Court's resolution of that issue is controlling here:

"[B]y the establishment of a pension or retirement pay the legislature does not guarantee to public employees a tenure for the period of service specified as necessary to fulfill the pension requirements, nor does it intend thereby to interfere with the full right of a municipality to dismiss its employees for cause or for reasons of efficiency or economy. Underlying all pension legislation is the necessary principal that one who has been legally discharged prior to serving the prescribed term cannot share in the pension or retirement benefits." *Boyle, supra,* 338 Pa. at 133-4, 12 A.2d 45-46.

It is clear, therefore, that a municipality's inherent authority to require compulsory retirement, if exercised reasonably and nondiscriminatorily, may be applied to employees who have already entered into a retirement contract with the municipality.

The order of the lower court is, therefore, reversed.