**Whitney Gardner *v.* Borough of Sayre. Whitney Gardner, Appellant.**

Argued December 9, 1976, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

*David B. Keeffe,* with him *M. J. DeSisti,* and *De-Sisti and Keeffe,* for appellant.

*Gerard A. Zeller,* with him *Landy & Zeller,* for appellee.

OPINION BY JUDGE WILKINSON, January 10, 1977:

The question presented by appellant is not new either as to its facts or the law involved. The appellant was hired as a police officer by appellee on September 9, 1955, and was retired involuntarily after having passed the age of 60 and having a total of 20 years service in accordance with the borough ordinance. He filed a petition for Declaratory Judgment in the court below, challenging the constitutionality of the ordinance both as to State and Federal Constitutions and as being violative of the Pennsylvania Human Relations Act, Act of October 27, 1955, P.L. 744, *as amended,* 43 P.S. §951 et seq. The court below, with an able opinion by President Judge EVAN S. WILLIAMS, found against appellant. In this appeal, appellant presses only the constitutional questions of due process and equal protection.

As pointed out by Judge WILLIAMS, this case is controlled by *McIlvaine v. Pennsylvania State Police,* 6 Pa. Commonwealth Ct. 505, 296 A.2d 630 (1972); *aff'd,* 454 Pa. 129, 309 A.2d 801 (1973); *appeal dismissed,* 415 U.S. 986 (1974). We affirmed our position in that case in *Delvitto v. Shope,* 17 Pa. Commonwealth Ct. 436, 333 A.2d 204 (1975), and most recently in *Doyle v. City of Scranton,* 22 Pa. Commonwealth Ct. 8, 347 A.2d 330 (1975).

We quote from and adopt that part of Judge WIL-LIAMS' opinion as follows:

In the case at bar, we must accept as true all allegations of the petition, for purposes of ruling on the respondent's demurrer. The petition discloses that Whitney Gardner was born on 11 May 1914, was hired as a police officer by the Borough of Sayre on 9 September 1955, and was retired involuntarily from that position as of 9 September 1975. These facts are sufficiently similar to those in McIlvaine, supra, for that decision to be controlling here. The very same arguments advanced by the petitioner were rejected in both McIlvaine and Delvitto, and the underlying reason is that age in this case is not a suspect classification, but a bona fide occupational qualification, specifically exempted from the prohibition of the Pennsylvania Human Relations Act, 43 P.S. §955. The argument about the distinction between policemen retired at sixty with twenty years or more of service, and those allowed to work beyond the age of sixty so as to complete those twenty years, was rejected specifically in McIlvaine, 6 Pa. Com. at 510. Doyle, supra, stands for the proposition that a municipality is not even required to enact legislation allowing policeman to serve beyond normal retirement age so as to complete service qualifications for pension.

In light of these recent appellate decisions, this court is bound to uphold the principles of law expressed therein, whether we agree with them or not. We must conclude that the petitioner has not alleged any facts entitling him to relief, declaratory or otherwise, as a matter of law.

Appellant cites as authority for asking this Court to reverse and renounce its previous position on this question and to abandon what he describes as the Pennsylvania Courts' "undeserved loyalty" to this line of cases, the dissenting opinion of Justice ROBERTS in *McIlvaine, supra,* and the decision of a three-judge district court in *Murgia v. Commonwealth of Massachusetts Board of Retirement,* 376 F. Supp. 753 (D. Mass. 1974). Obviously, the position of the dissent was rejected by the majority of our Pennsylvania Supreme Court and the position of the three-judge district panel was rejected by the Supreme Court of the United States, on direct appeal in *Massachusetts Board of Retirement v. Murgia,* U.S. , 49 L. Ed. 2d 520 (1976).

In *Murgia,* supra, the United States Supreme Court reversed the three-judge district court which had taken the position urged upon us by appellant. In upholding the Massachusetts law which mandated retirement of members of the State Police at age 50, regardless of health, the Supreme Court concluded its opinion:

> We do not make light of the substantial economic and psychological effects premature and compulsory retirement can have on an individual; nor do we denigrate the ability of elderly citizens to continue to contribute to society. The problems of retirement have been well documented and are beyond serious dispute. But '[w]e do not decide today that the [Massachusetts statute] is wise, that it best fulfills the relevant social and economic objectives that [Massachusetts] might ideally espouse, or that a more just and humane system could not be devised.' We decide only that the system enacted by the Massachusetts Legislature does not deny appellee equal protection of the law.

*Murgia, supra,* U.S. at , 49 L. Ed. 2d at 527. (Footnote omitted.) (Citation omitted.)

Accordingly, we will enter an order affirming the court below.

### ORDER

Now, January 10, 1977, the order of the court below, dated January 21, 1976, dismissing the Petition for Declaratory Judgment for failure to state facts upon which relief could be granted is affirmed.