412 A.2d 926.

ROLAND G. MERCIER *vs.* CITY OF CENTRAL FALLS *et al.*

MARCH 26, 1980.

PRESENT: Bevilacqua, C.J., Kelleher, Doris and Weisberger, JJ.

DORIS, J.  This is an appeal from a declaratory judgment in which the Superior Court held that a provision of the Home Rule Charter of Central Falls empowered the city council to enact an ordinance mandating the retirement of all firefighters and policemen at the age of sixty-five.

The plaintiff, Roland Mercier, had been a member of the Central Falls Police Department for thirty-six years, serving as Chief of Police since 1969. In November 1976, the Council for the City of Central Falls (council) passed an ordinance imposing on all members of the fire and police department pension plans and a mandatory retirement age of sixty-five years. Because plaintiff was seventy-one years old at that time, he was forced to vacate his position in December 1976, although prior to that time he had performed his job satisfactorily. The plaintiff subsequently commenced this action, alleging that the council lacked the authority to compel the mandatory retirement of .any municipal employee and that the ordinance was therefore void.[1] The trial justice ruled that the council had the authority to enact the ordinance. The justice reasoned that a provision in the city's Home Rule Charter establishing a merit employment system provided the basis of authority for the council to act.

The sole issue before us is whether the council possessed the authority to enact the ordinance. Although we concur with the trial justice that the council was empowered to enact the ordinance, we disagree with his finding that the city's Home Rule Charter provided the source of the council's authority. In 1925, the Legislature passed a law conferring on the council the authority to establish a pension fund for the officers of the Central Falls Police Department.[2] Pursuant to

---

[1]The plaintiff also argued that the ordinance was unconstitutional because it discriminated against police personnel and firefighters in general and plaintiff in particular. The trial justice ruled adversely to plaintiff's discrimination argument, and plaintiff has not sought review of this decision.

[2]Public Laws 1925, ch. 703, §§1, 2. The act provided as follows:

"Section 1.  The city council of the city of Central Falls is hereby authorized and empowered to create and disburse a pension fund or funds for offi-

this statute, the council has since created a pension fund. The 1925 act further empowered the council "to establish by ordinance all rules and regulations pertaining to said fund * * * as to it shall seem expedient." Public Laws 1925, ch. 703, §2. It is from this legislation that the council derived its authority to impose a mandatory retirement age. The grant of power to create and to regulate the pension fund impliedly includes a grant to enact ordinances on incidental matters that are necessary to the proper and efficient administration of the fund. *Soltis Appeal*, 390 Pa. 416, 418-19, 135 A.2d 744, 745 (1957); *Doyle* v. *City of Scranton*, 22 Pa. Commw. Ct. 8, 10, 347 A.2d 330, 331 (1975). The age at which all policemen whose positions are covered by the pension fund must retire is one such incidental matter.

It is established that this court may sustain a correct judgment of a lower court although we do not accept that court's reasoning. *DiRaimo* v. *DiRaimo*, 117 R.I. 703, 708, 370 A.2d 1284, 1287 (1977). Accordingly, because of the provisions of the 1925 legislation, we sustain the judgment of the trial justice.

The plaintiff's appeal is denied and dismissed, and the judgment of the Superior Court is affirmed.

*Joseph F. Penza, Jr.,* for plaintiff.

*James M. Shannahan,* for defendants.

---

cers and permanent members of the police department of said city who, by reason of age, physical or mental infirmity, injuries sustained or illness incurred while in the performance of duty, or for other causes, may be unfit to perform active duty.

"Sec. 2. The city council of said city is hereby authorized and empowered to collect and divert to said fund or funds one per cent of the annual salary due to each officer and member of said police department, and, from time to time to appropriate from the general funds of the city such sums of money as may be necessary for the proper carrying out of the purposes of this act, and to establish by ordinance all rules and regulations pertaining to said fund or funds as to it shall seem expedient."