Delaware County Child Care Services and The County of Delaware, Petitioners *v.* Violet M. Goodley, Respondent.

Argued June 2, 1980, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*William J. Flannery,* with him *Thomas H. Lane,* of counsel, *Morgan, Lewis & Bockius,* for petitioners.

*Earl R. Dryer,* Assistant Attorney General, with him *Barbara G. Raup,* Assistant Attorney General, for respondent.

Opinion by Judge Blatt, August 5, 1980:

Delaware County (County) appeals here from an order of the State Civil Service Commission (Commission) which prohibited the County from retiring Violet M. Goodley (respondent) on reaching her 65th birthday.

On May 30, 1973, the County entered into a contract with the Department of Public Welfare (DPW) which was part of a series of grant-in-aid contracts between the County and the DPW. Among other things, the contract provided for the classification of all positions in the County's Child Care Services Program under the terms of the Civil Service Act (Act), Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.1 et seq. The parties also agreed in the contract that the Act and the Rules of the Commission would apply to Child Care Services personnel with the following exception:

> With respect to annual and sick leave, holidays, and *retirement,* the County Child Welfare Agency and Mental Health and Mental Retardation Program should adhere to prevailing county practice. (Emphasis added.)

It has been the practice of the County to retire all county employees at the age of 65, and the respondent, who had been employed by the County in its Child Care Services Program, was advised that she would be retired effective November 24, 1978 because of having reached her 65th birthday. She appealed this action to the Commission, which held that the action

was discriminatory and therefore impermissible under Section 905.1 of the Act, 71 P.S. §741.905a, which provides:

No officer or employee of the Commonwealth shall discriminate against any person in recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service because of labor union affiliations or because of race, national origin or other non-merit factors.

The Commission's position is that age is a non-merit factor and, that being so, the County's dismissal of the respondent on age grounds alone was impermissible. The County argues, however, that the contract rather than the Commission's interpretation of Section 905.1 must prevail here[1], and that the contract validates mandatory retirement of the employees concerned therein at the age of 65.

The services of the Commission are available to political subdivisions of this Commonwealth under Section 212 of the Act, 71 P.S. §741.212, "upon such terms and conditions as may be prescribed by the rules of the commission", and Commission Rules provide in pertinent part that:

In the case of any contract between an agency and the Commission extending a complete merit system to a class or classes of positions administratively, all of the legally applicable provisions of the Civil Service Act shall

---

[1] The County also raises but does not press an issue as to whether or not the Commission's order, which was issued without affording the County a hearing, was valid. The County concedes, however, that the question before the Commission was only one of law, and in light of our disposition here, we need not address this issue.

be deemed incorporated in such contract, *unless such contract shall specify otherwise."*
4 Pa. Code §93.8 (emphasis added).

We believe that the contract here did clearly specify that the County should adhere to its prevailing practice as to retirement, and the conclusion is inescapable that the contract controls under the Commission Rules. Regardless of the Commission's interpretation of Section 905.1, therefore, the County was within its rights in retiring the respondent.

As to the contention that age constitutes a nonmerit factor, we believe that valid reasons exist for the imposition of a mandatory retirement scheme. *See, e.g., Malmed v. Thornburgh,* F.2d (3d Cir. 1980)*; *Palmer v. Ticcione,* 576 F.2d 459 (2d Cir. 1978). We doubt, moreover, that the General Assembly intended to empower the Commission to invalidate the long-established practice of mandatory retirement in government service. Furthermore, the decisions of this Court have established that a mandatory retirement policy is not discriminatory per se under the Pennsylvania law. *See Gardner v. Borough of Sayre,* 28 Pa. Commonwealth Ct. 130, 367 A.2d 814 (1977); *Delvitto v. Shope,* 17 Pa. Commonwealth Ct. 436, 333 A.2d 204 (1975); *Frantz v. Baldwin-Whitehall School District,* 8 Pa. Commonwealth Ct. 639, 304 A.2d 531 (1973); *McIlvaine v. Pennsylvania State Police,* 6 Pa. Commonwealth Ct. 505, 296 A.2d 630 (1972), *aff'd,* 454 Pa. 129, 309 A.2d 801 (1973), *appeal dismissed,* 415 U.S. 986 (1974). *Accord, Massachusetts Board of Retirement v. Murgia,* 427 U.S. 307 (1976). We conclude, therefore, that the County's mandatory retirement scheme, which is otherwise statutorily and constitutionally valid, does

---

* Dkt. No. 79-2497, filed May 13, 1980.

not offend the prohibition of Section 905.1 against discrimination in civil service employment.

The order of the Commission is reversed.

### ORDER

AND, Now, this 5th day of August, 1980, the order of the State Civil Service Commission in the above-captioned matter is hereby reversed.