Aram K. BERBERIAN

v.

RHODE ISLAND BAR ASSOCIATION.

No. 77-260-Appeal.

Supreme Court of Rhode Island.

Jan. 30, 1981.

Aram K. Berberian, pro se.

Letts, Quinn & Licht, Richard A. Licht, Robert N. Huseby, Sr., Providence, for Rhode Island Bar Association.

OPINION

MURRAY, Justice.

This is an appeal from an order and judgment of the Superior Court dismissing the plaintiff's suit for mootness on a motion for summary judgment by the defendant bar association. We affirm the judgment of the Superior Court, but for reasons other than those of the trial justice.[1]

The facts may be stated briefly. The plaintiff filed a complaint for mandamus in the Superior Court on April 27, 1977, to compel defendant to enroll him in its medical insurance program, to mail him copies of defendant's publication, and to print therein his "editorial comments." The clerk of the court entered a default against defendant approximately one month later. The defendant immediately filed motions to vacate the default and for entry of summary judgment in its favor on grounds that plaintiff was not a member of the bar association[2] because of his failure to pay membership fees for fiscal years 1975-76 and 1976-77 and was thus not entitled to relief. A justice of the Superior Court granted the motion to vacate the default and denied the motion for summary judgment because there was an issue of fact concerning whether defendant could suspend plaintiff from membership without some action by the Supreme Court.

This court subsequently did act on petitions before it requesting plaintiff's suspension. In *Petition of the Rhode Island Bar*

1. Our authority to sustain a correct judgment of a lower court although we do not accept that court's reasoning is by now well established. *See Mercier v. City of Central Falls*, R.I., 412 A.2d 927 (1980); *Souza v. O'Hara*, R.I., 395 A.2d 1060 (1978).

2. Membership is a requirement for admission to practice law in Rhode Island, pursuant to the order for unification of the bar association. *Petition of the Rhode Island Bar Association*, 111 R.I. 936, 306 A.2d 199 (1973).

*Association*, 118 R.I. 489, 374 A.2d 802 (1977), we ordered plaintiff's suspension from membership in defendant bar association and from the practice of law unless he paid the arrearages. The plaintiff timely complied, and defendant reinstated plaintiff, conferring the full benefits of membership upon him. The defendant also renewed its motion for summary judgment on the ground that plaintiff had received his requested relief and that the matter was thus moot. A second trial justice granted the motion on mootness grounds, despite plaintiff's testimony at the hearing that he was now in arrears for fiscal year 1977–78 and that he had no intention of paying those dues. The trial justice concluded that plaintiff was free to sue once more.

■ The issue we confront is that which the first trial justice articulated. We conceive it, however, to be an issue of law, rather than of fact. Can defendant, without the express approval of this court, suspend an attorney from membership and deny him the benefits of membership on the basis of his refusal to pay dues? The answer is clearly no. *In Petition of the Rhode Island Bar Association*, 111 R.I. 936, 306 A.2d 199 (1973), we conditioned the unification of defendant association upon the expressed reservation of our right to approve or disapprove in advance any suspension or removal from membership of any attorney proposed by defendant.

The defendant did indeed supersede its authority by suspending plaintiff from membership, although not from practice, when it did. However, in *Petition of the Rhode Island Bar Association*, 118 R.I. 489, 374 A.2d 802 (1977), we essentially ratified defendant's action.[3] There, we ordered plaintiff to pay his dues within fifteen days or thereafter face suspension. We framed our order prospectively for, although the petitions of defendant nominally dealt with an earlier period, suspension therefor would have had little effect in 1977. Moreover, we made it abundantly clear that "[t]he dues owed the association are a continuing obligation. They are a fee exacted for the privilege of practicing law in this state." *Id.* at 493, 374 A.2d at 804.

■ In view of the plaintiff's "continuing obligation" to pay his dues, his failure to do so raises no issue of material fact in the case at bar. The case is more properly dismissed on these grounds than on grounds of mootness. Normally, full payment of arrearages for a past period would cause the case to be moot. However, as the record indicates, the identical problem arose once more after the plaintiff paid his dues for fiscal years 1975–76 and 1976–77 because of his refusal to pay his dues for fiscal year 1977–78. Thus the question that formerly existed concerning the plaintiff's membership rights between fiscal years 1975–76 and 1976–77 continues to exist beyond that period and up to the present time. The question is therefore not moot so long as the plaintiff continues to ignore his "continuing obligation" toward the defendant bar association. *See Town of North Kingstown v. North Kingstown Teachers' Association*, 110 R.I. 698, 700 n.1, 297 A.2d 342, 343 n.1 (1972).

The order of the Superior Court is affirmed, the plaintiff's appeal is denied and dismissed, and the papers are remanded to the Superior Court.

---

**3.** For purposes of this appeal alone we do not deal with defendant's premature action, and our acquiescence therein should not be interpreted as a retreat from the relevant part of our order regarding unification. *See* note 2, *supra*.