Julia E. Genes, Administratrix of the Estate of Louis Genes, Deceased, Edward Hunt, Anthony Pastrick and Robert Terza, Appellants *v.* City of Duquesne, Appellee.

Argued October 28, 1976, before Judges Crumlish, Jr., Kramer and Mencer, sitting as a panel of three.

*Edgar M. Snyder,* with him *Daniel R. Delaney,* for appellants.

*Norman M. Bartko,* City Solicitor, for appellee.

OPINION BY JUDGE KRAMER, December 17, 1976:

Louis Genes,[1] Edward Hunt, Anthony Pastrick and Robert Terza, veteran firemen,[2] were removed from their positions of City employment for asserted reasons of economy. They sought and were granted a hearing before the City's Civil Service Commission which upheld their removal. The firemen appealed the Commission's decision to the Court of Common Pleas of Allegheny County. The Court of Common Pleas affirmed the Commission's action, by order without opinion; and the firemen have appealed the court's order to this Court.

The firemen contended before the Commission and the court below and still assert (1) that they were not removed for reasons of economy as permitted by Section 11 of the Act of May 31, 1933 (Act), P.L. 1108, *as amended,* 53 P.S. §39871, and (2) that their removal was politically motivated in violation of Section 10 of the Act, 53 P.S. §39870.

---

[1] Mr. Genes died during the proceedings and the Administratrix of his estate was substituted on the record.

[2] None of the four was younger than 58, and one was 64 years of age. All were eligible for retirement under the terms of the City's pension fund.

Section 11 reads pertinently:

> If for reasons of economy, or other reasons, it shall be deemed necessary by any city to reduce the number of paid members of any fire department, or the number of fire alarm operators or fire box inspectors in the bureau of electricity, then such city shall follow the following procedure:
>
> First. If there are any paid firemen, fire alarm operators or fire box inspectors eligible for retirement under the terms of any pension fund, then such reduction in numbers shall be made by retirement on pension of all the oldest in age and service.
>
> . . . .

Section 10 provides, *inter alia*, that a fireman may not be removed except for good cause, which shall not be political. Section 12, 53 P.S. §39872, although not expressly relied upon by the appellants, provides a definition of political cause by its prohibition of discrimination against some employees, including firemen, because of their "political opinions or affiliations."

We discover by reviewing the record that the appellants are four of a total of 14 employees removed from City employment at a savings to the City of $131,000; an amount equal to about nine percent of the City's annual budget and hence clearly substantial. The firemen, nevertheless, contend that indications in the record that (1) the City of Duquesne was not in a condition of fiscal distress when they were removed, (2) the money saved by their removal was spent for other purposes, and (3) the City's tax rate was decreased by only one mill, prove the falsity of the asserted economic basis for their removal. We disagree. The appellants put too narrow a construction on the phrase "for reasons of economy" and ignore the phrase "or other reasons," immediately fol-

lowing, in Section 11. "Reasons of economy" would include, in our judgment, a saving of money by the removal of unneeded employees, regardless of the financial condition of the City. The phrase "for . . . other reasons" would authorize the removal of unneeded employees for reasons other than that of effecting fiscal economics, such as, to improve efficiency. It is significant that before removing the appellants the City obtained the opinion of experts in the field of firefighting that the reduction in the firefighting force resulting from the appellants' removal would not adversely affect fire protection.

The appellants' contention that they were removed for political reasons is also founded on a misconstruction of the statute. Section 10 of the Act prohibits removal for political cause, and Section 12 forbids discrimination because of the political opinions and affiliations of the employee. The appellants' evidence on this issue consisted of the fact that the Mayor and two councilmen had run for office on a promise to reduce taxes, which promise the appellants say was kept by removing them from their positions of employment. The charge made is not that the appellants were discriminated against because of their political opinions or affiliations but that they had become the means of fulfilling other persons' promises made in a political campaign. The latter was not what the Legislature had in mind in forbidding removal for political reasons or because of political opinions or affiliations.

Our scope of review in this class of case is narrow:

> [W]hen, as here, the lower court has not held a hearing de novo, we have held that our scope of review is limited to a determination of whether or not (1) the constitutional rights of the appellant were violated by the Commission or (2) the Com-

624

mission manifestly abused its discretion or committed an error of law, and (3) the findings of fact made by the Commission are supported by substantial evidence.

*Fitzgerald v. Civil Service Commission of The City of Philadelphia*, 16 Pa. Commonwealth Ct. 540, 543, 330 A.2d 285, 286 (1974).

The findings of fact made by the Commission on both points raised by the appellants are supported by substantial evidence in the record.

Having concluded that the appeals must fail, it is unnecessary to discuss the City's attenuated argument in support of its statement that the appeals to the court below were untimely made, beyond declaring that it is in our opinion without merit because Section 10 of the Act, 53 P.S. §39870, provides the remedy for firemen removed pursuant to Section 11.

ORDER

AND Now, this 17th day of December, 1976, the order of the Court of Common Pleas of Allegheny County made July 11, 1975 is affirmed.