## Malatesta v. East Penn Township Supervisors

672

*Alfred S. Pierce*, of *Teel, Stettz, Shimer and Digiacomo, Ltd.*, for petitioner.
*Robert Lazorchick*, for Board of Supervisors.

HEIMBACH, Sr. *J.*, September 30, 1977—Since an appeal has been taken from a decision of the Board of Supervisors of East Penn Township abolishing the position of a full-time policeman by the affected petitioner under the provisions of the Police Tenure Act of June 15, 1951, P.L. 586, as amended, 53 P.S. §811 et seq., it becomes our duty to make a just determination based upon the record, with the proviso the action of municipal officers should not be overridden except on grounds of a manifest abuse of discretion: Appeal of Nye, 53 Berks 67; Thomas v. Peters Twp., 57 Mun. 130.

A detailed history will aid in better understanding the matter to be decided.

For a number of years the residents of East Penn Township were divided as to the needs of the township for a full-time police officer. The township has always heretofore been staffed by part-time policemen, petitioner being one of them. At a regular meeting of the board of supervisors on October

6, 1975, the minutes note the appointment of petitioner as a full-time policeman, effective January 1, 1976. The minutes fail to note, as testified to by witnesses over objection, supervisor Rehrig's motion for and the adoption of a resolution for the creation of a full-time policeman position and his motion to appoint petitioner, and the unanimous favorable vote thereon by the supervisors. This testimony was properly received. While the best evidence of the official act of a board of supervisors is the minutes of their proceedings, the minutes are not the only evidence of the action of the board, and their action may be proved by parol: Jefferson County v. Rose Township, 283 Pa. 126, 129 Atl. 78 (1925). The board's action precipitated a full blown election issue.

A citizen's committee opposed to a full-time position was formed and elected Mr. Repsher by a write-in vote at the November election, defeating Mr. Rehrig, the incumbent supervisor. At the following board meeting in December a petition containing the signatures of the majority of the residents in the township opposed to a full-time policeman position was presented to the board. No action was taken on such petition.

Later that month, on December 22, 1975, an agreement prepared by petitioner, permission to do so having been given to him by the supervisors some time after the October meeting, and purporting to be an agreement for his employment as a full-time policeman until he reached retirement age of 60, which likewise, inter alia, provided for a waiver of any probation period, was submitted by petitioner to supervisor Rehrig at the latter's place of employment and signed there by him. Later that day petitioner obtained the signature of supervisor

Steigerwalt at the latter's home. Petitioner did not seek nor obtain the signature of Mr. Snyder, the third supervisor, because the latter had previously told him he wanted to be left alone with this police issue.

By reason of the death of Mr. Steigerwalt and the resignation of Mr. Snyder two vacancies occurred in the board the latter part of December, 1975. With the defeat of Mr. Rehrig, when Mr. Repsher took office on January 6th the board was without a quorum to act. He nevertheless advised petitioner the office of full-time policeman would be vacated at the next regular meeting. Petitioner acceded to his request to desist from performing any police duties.

The vacancies were filled by court appointment on January 9, 1976, and at a regular meeting of the board the position of full-time policeman, if validly created, was abolished for the reasons stated in the letter of June 2, 1977, to petitioner, hereinafter referred to, viz.:

"Dear Mr. Malatesta:

If there was one, the East Penn Township Board of Supervisors decided to discontinue and abolish completely the regular full time Police force in the Township.

The Board of Supervisors are of the opinion that you are not in the employ of the Township for the following reasons:

1. There never was a legally created regular full time police force.

2. If there was one created, anyone would have employed on a Probationary Basis for least a year.

3. The Supervisors unanimously are of the opinion that there is no need nor is it economically feas-

ible to having a full time regular police force in the Township.

Therefore, in accordance with the Court Order entered, please be informed that if there was a regular full time Police Force in East Penn Township, it was discontinued or abolished.

> East Penn Township Supervisors
> /s/  Asher C. Repsher
>      Donald M. Ginder
>      Arthur R. Hill"

Petitioner at the meeting on June 16, 1976, requested a public hearing be had, as provided in the Police Tenure Act, supra. His request was refused on the ground such act did not apply.

On December 16, 1976, petitioner caused a complaint in mandamus to issue for his reinstatement for respondent's failure to comply with the Police Tenure Act, supra. We sustained preliminary objections thereto, but directed the board of supervisors forthwith to comply with the provisions of the Police Tenure Act and advise plaintiff in writing the reasons for his removal as chief of police and, should plaintiff so request, comply with the provisions of section 812, 53 P.S. §812, for such hearing. Pursuant to such direction a hearing was had on July 20, 1977, giving rise to the decision of the board and this appeal.

## DISCUSSION

Procedurally we erred. We should not have sustained the preliminary objections to petitioner's action in mandamus and directed compliance with the Police Tenure Act, but should have disposed of the matter on the merits. However, no harm has been occasioned by our error, since the matter is

properly before us with the necessary testimony and evidence for a disposition of the appeal before us, which will likewise be dispositive of the mandamus proceeding.

Respondent's contention that if the position had been created petitioner would have been on a probationary period of one year likewise has merit.

Section 812 exempts a policeman appointed for a period of one year or less on a probationary period. The employment agreement prepared by petitioner is void and without any binding or legal effect. "Where the subject of a contract to be entered into by a township board is one requiring deliberation, consultation and the exercise of judgment, the various members must act together in a meeting legally called with reasonable opportunity for all the members to be present." 37 P.L.E. §54, citing American Road Machine Co. v. Washington Township, 9 Pa. Superior Ct. 105 (1898). It follows the waiver provision of the probationary period is without effect. Assuming the agreement to be a legal document the waiving provision would still be without effect unless ratified by the present board.

Where the governing board of a township in contracting is exercising a governmental function it may not bind the township beyond the term of its office: McCormick v. Hanover Township, 246 Pa. 169, 92 Atl. 195 (1914).

Respondent's contention that there was never a legally created regular full-time police force has much merit. The Second Class Township Code of May 1, 1933, P.L. 103, art. I, sec. 101, as amended, 53 P.S. §65101 et seq., provides under general powers: "Section 65743. To provide police protection . . . the board of township supervisors is hereby empowered, with the approval of the township au-

ditors, on petition of a majority of the property owners of any territory . . . to designate, definitely define, set apart and limit any part of such territory, as a district for the purpose of providing such districts adequate police protection. . . ."

The appointment of petitioner was not made in accordance with this requirement, since neither the township auditors approved nor was there a petition presented by a majority of the property owners.

What the court stated in Templeton Appeal, 399 Pa. 10, 13, 159 A. 2d 725 (1960), appears apposite:

"However, to establish his legal right to the position involved he had the burden of proving the legality of his appointment thereto. Upon him rested the responsibility of establishing his title de jure to the position he claimed the legal right to hold. Permanency of tenure, given by the Act of 1951, applies only to those whose appointments are made in compliance with law," citing Manning v. Millbourne Borough Civil Service Commission, 387 Pa. 176, 127 A. 2d 599 (1956).

Respondent's final reason for abolishing the office of a full-time policeman is that it is not needed and not economically feasible.

This reason, supported as it is by the evidence that a full-time policeman is unnecessary and that the police needs of the township are met by part-time policemen and the State Police, mandates a finding that the abolition of the position is not an abuse of discretion. Such being our findings, petitioner's appeal and his action in mandamus must be dismissed.

Sections 812 and 814 of the Police Tenure Act provide:

"No person employed as a regular full time police officer . . . with the exception of policemen appointed for a probationary period of one year or less, shall be suspended, removed or reduced in rank except for. . . . A written statement of any charges made . . . shall be furnished to such person within five days after the same are filed." Section 812.

"If the person sought to be suspended or removed shall demand a public hearing, . . . the appointing authority shall grant him a public hearing. . . ." Section 814. It is to be noted that no charges were made against petitioner nor was he suspended.

The actions of the supervisors are protected by and permitted by section 813, which provides: "If, for reasons of economy or other reasons, it shall be deemed necessary . . . to reduce the number of paid employes of the police department, then such political subdivision shall apply the following procedure: . . . by furloughing the man or men . . . last appointed to said police force." When the position was abolished, the last man appointed was petitioner, albeit he was the first man, too.

In concluding as we do that the supervisors acted properly in abolishing the position of a full-time policeman position, and in doing so were in compliance with the Police Tenure Act, we are supported by the opinion of the court in Gruver and Banta v. Howell, 28 Pa. Commonwealth Ct. 296, 300, 368 A. 2d 920 (1977). We particularly note the reference by the court, at 922, to Genes v. City of Duquesne, 27 Pa. Commonwealth Ct. 620, 367 A. 2d 327 (1976), where Judge Kramer states: "'Reasons of economy' would include . . . a saving of money by the removal of unneeded employees, regardless of the financial condition of the City. The phrase 'for . . . other reasons' would authorize the

removal of unneeded employees for reasons other than that of effecting fiscal economics, such as, to improve efficiency." The court then added: "We . . . believe that this interpretation is equally applicable and that the township was free to act under this section to remove the appellants as unneeded employees for reasons of economy regardless of its financial condition."

Wherefore we enter the following

## ORDER

Now, September 30, 1977, appeal from decision of supervisors filed to no. 114 October term, 1977, abolishing the office of full-time policeman in East Penn Township is dismissed. Costs on petitioner.