Henry J. Schultz, Mayor, and the City of Easton, Appellants *v.* Joseph Piro, Fred Sterner and Wayne Unangst, Appellees.

Argued September 29, 1978, before Judges WILKINSON, JR., DISALLE and MACPHAIL, sitting as a panel of three.

*Henry R. Newton,* for appellants.

*Joel M. Scheer,* for appellees.

OPINION BY JUDGE MACPHAIL, February 12, 1979:

Effective April 5, 1977, the City of Easton (City), Co-Appellant with Henry J. Schultz, Mayor of Easton, suspended the Appellees, Joseph Piro, Fred Sterner and Wayne Unangst, from its fire department (Department) in order to reduce the number of the Department's paid members for reasons of economy. The Appellees were the three firemen most recently appointed to the Department. On the effective date of the Appellees' suspension, at least three paid firemen in the Department were eligible for retirement under the terms of the City's pension fund. The Appellees requested a hearing before the Easton Fire Civil Service Board (Board), which affirmed the City's action. The Appellees appealed from that decision to the Northampton County Court of Common Pleas, which reversed the Board and ordered the City to reinstate the Appellees as firemen. This appeal followed.

Section 11 of the Act of May 31, 1933 (Act), P.L. 1108, *as amended,* 53 P.S. §39871, provides:

> If for reasons of economy, or other reasons, it shall be deemed necessary by any city to reduce the number of paid members of any fire department, or the number of fire alarm operators or fire box inspectors in the bureau of electricity, then such city shall follow the following procedure:
>
> First. If there are any paid firemen, fire alarm operators or fire box inspectors eligible for retirement under the terms of any pension fund, then such reduction in numbers shall be made by retirement on pension of all the oldest in age and service.

Second. If the number of paid firemen, fire alarm operators and fire box inspectors eligible for retirement under the pension fund of said city, if any, is insufficient to effect the reduction in number desired by said city, or if there is no eligible person for retirement, or if no pension fund exists in said city, then the reduction shall be effected by suspending the last man or men, including probationers, that have been appointed. Such removal shall be accomplished by suspending in numerical order, commencing with the last man appointed, all recent appointees until such reduction shall have been accomplished. Whenever such fire department or fire alarm operators or fire box inspectors in the bureau of electricity shall again be increased in numbers to the strength existing prior to such reduction of members, or if any vacancies occur, the employees suspended under the terms of this act shall be reinstated to their former class before any new appointees are appointed.

Notwithstanding the specific provisions of Section 11 of the Act, the Appellants intentionally disregarded the statutory language because in their judgment[1] (1) the statutory procedure conflicts with the federal Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C.A. §621 et seq., and therefore violates the supremacy clause of article VI of the United States Constitution and (2) the statutory procedure is inconsistent with Section 5 of the Pennsylvania Human Relations Act (PHRA), Act of October 27, 1955, P.L. 744, *as amended,* 43 P.S. §955, and therefore is not

---

[1] The City had sought and obtained an opinion from their solicitor upon which they relied in making their judgment concerning the suspensions.

applicable under Section 12(a) of the PHRA, 43 P.S. §962(a).

In *McIlvaine v. Pennsylvania State Police*, 454 Pa. 129, 309 A.2d 801 (1973), *appeal dismissed*,[2] 415 U.S. 986 (1974), our Supreme Court affirmed our decision in *McIlvaine v. Pennsylvania State Police*, 6 Pa. Commonwealth Ct. 505, 296 A.2d 630 (1972), on the opinion of President Judge BOWMAN. In *McIlvaine* we held that Section 205(d) of The Administrative Code of 1929 (Code), Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. §65(d), which mandates the resignation of certain members of the Pennsylvania State Police at age 60, does not conflict with either the ADEA or the PHRA. What we said in *McIlvaine* regarding bona fide occupational qualifications and terminations of employment by reason of retirement and pension plans and other like programs applies with equal validity to the case at bar. While the instant case can be distinguished from *McIlvaine* in that Section 11 of the Act on its face prefers the last men appointed over men who are eligible for pension, while Section 205(d) of the Code does not, the inevitable effect of Section 205(d) is the replacement of men who have reached thé age of 60 years with younger men. Furthermore, Section 11 of the Act does not necessarily discriminate against the aged in cases such as the instant one, since years of service are not necessarily directly proportional to a fireman's calendar age.[3] It is certainly possible in any reduction in force that the last man appointed will not be eligible for retirement on pension because they have not served for the requisite period of time, and yet they will be older than those who are eligible for pension. In such a situation

---

[2] For want of a substantial federal question.

[3] The record does not indicate the ages of either the Appellees or the firemen who were eligible for retirement on pension.

Section 11 will operate to retain the older firemen and retire those who are younger. In *McIlvaine* we upheld a similar provision in Section 205(d) of the Code which permits members of the State Police to remain on the Force after the age of 60 years if they have less than 20 years of service. Finally, it appears to us that the effect of Section 11 of the Act is to insure that as few firemen as necessary are left without a source of income where there is a reduction in force rather than to discriminate against the aged.

Appellants also contend that neither the Board nor the Court of Common Pleas of Northampton County had the authority to review the City's furloughing of the Appellees for economy reasons. As we understand their argument, Appellants are saying that the decision to furlough employees for economy reasons under Section 11 of the Act is not subject to further review. Without deciding that specific issue, we perceive that the issue in the instant case is not whether there should have been *any* furloughs, but rather *who* should have been furloughed. This Court has decided that Section 10 of the Act, 53 P.S. §39870, provides the remedy for firemen removed pursuant to Section 11. *Genes v. City of Duquesne,* 27 Pa. Commonwealth Ct. 620, 367 A.2d 327 (1976). Section 10 authorizes the procedures taken by the Appellees in the instant case. We conclude that Appellees proceeded properly and that the Board and the Court of Common Pleas had the authority and the duty to entertain and decide the appeals.

Order affirmed.

ORDER

AND Now, this 12th day of February, 1979, the order of the Court of Common Pleas of Northampton County, Civil Division Law, at No. 177 April Term, 1977, entered August 3, 1977, is affirmed.