City of McKeesport et al., Appellants *v.* International Association of Firefighters et al., Appellees.

Argued November 3, 1978, before Judges MENCER, DISALLE and CRAIG, sitting as a panel of three.

*Mord C. Taylor, Jr.,* for appellants.

*Joseph J. Pass, Jr.,* with him *Edward H. Walter,* and *Jubelirer, Pass & Intrieri,* for appellees.

OPINION BY JUDGE MENCER, March 7, 1979:

On January 1, 1976, the City of McKeesport reduced the number of firefighters by 11, laying off the

11 individuals with the least amount of seniority. At the time, at least 11 other firefighters were eligible for retirement under the City's Firemen's Retirement Pension Plan. Those firefighters who were laid off subsequently instituted an action in mandamus in the Court of Common Pleas of Allegheny County, alleging that the layoffs were in violation of Section 11 of the Act of May 31, 1933, P.L. 1108, *as amended*, 53 P.S. §39871 (Secton 11), which requires that firemen entitled to a pension be laid off before other firemen. The City defended by contending (1) that Section 11 had been repealed by Section 12(a) of the Pennsylvania Human Relations Act, Act of October 27, 1955, P.L. 744, *as amended*, 43 P.S. §962(a) (PHRA), as inconsistent with Section 5(a) of the PHRA, 43 P.S. §955(a), and (2) that Section 11 is inconsistent with the Federal Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C.A. §623(a). These contentions were rejected by the lower court which then granted appropriate relief to the plaintiffs.[1] The City appealed to this Court, raising the same two issues. We affirm.

The PHRA and the ADEA prohibit an employer from discharging any individual "because of" the individual's age. Section 11, however, does not require the layoff of any individual *because of age*; rather, it requires individuals to be laid off *because of the fact that they are eligible for pensions,* and therefore will not be without a source of income. *See Schultz v. Piro,* 40 Pa. Commonwealth Ct. 395, 397 A.2d 484 (1979). Indeed, as noted by Judge MacPhail writing for this Court in the latter case, Section 11 does not

---

[1] The plaintiffs were reinstated prior to the lower court's decision, rendering mandamus an inappropriate form of relief. However, the City agreed to treat the action as one in assumpsit for back wages.

even necessarily operate to retire the oldest members of the force, since those members may not have served a sufficient number of years to entitle them to a pension.

The ADEA recognizes the value of bona fide pension plans and, indeed, even allows mandatory retirement of *all* employees pursuant to such plans. 29 U.S.C.A. §623(f)(2); *United Air Lines, Inc. v. McMann*, 434 U.S. 192 (1977).[2] Section 5(a) of the PHRA specifically does not apply to terminations of employment "because of the terms or conditions of any bona fide retirement or pension plan." Section 5(a)(1) of the PHRA, 43 P.S. §955(a)(1).

Section 11 does not require that employees be terminated because of age, but because of their eligibility for a pension under the terms of a bona fide pension plan. Therefore, it is not inconsistent with either the PHRA or the ADEA. *Schultz v. Piro, supra.*

Order affirmed.

---

[2] It has also been held that a forced retirement on pension does not constitute a "discharge" within the meaning of the ADEA.

29 U.S.C. §623 makes it unlawful to discharge an individual because of age. No statutory provision explicitly prohibits early retirement on pension. . . .

The primary purpose of the Act is to prevent age discrimination in hiring and discharging workers. There is, however, a clear, measurable difference between outright discharge and retirement, a distinction that cannot be overlooked in analyzing the Act. While discharge without compensation is obviously undesirable, retirement on an adequate pension is generally regarded with favor. A careful examination of the legislative history demonstrates that, while cognizant of the disruptive effect retirement may have on individuals, Congress continued to regard retirement plans favorably and chose therefore to legislate only with respect to discharge. (Footnotes omitted.)

*Zinger v. Blanchette*, 549 F.2d 901, 905 (3rd Cir. 1977), quoted with approval in *United Airlines v. McMann, supra*, 434 U.S. at 198.

### ORDER

AND Now, this 7th day of March, 1979, the order of the Court of Common Pleas of Allegheny County, dated January 25, 1978, dismissing the exceptions of the defendants in the above captioned case, is hereby affirmed.