Walter Linn Brookman and Daniel E. Morris, for themselves and all others similarly situated, Appellants v. Michael Johns, Suzanne Gomez and Leo Trich, Appellees.

Argued May 7, 1979, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Regis J. McNally,* for appellants.

*William A. Mitchell,* with him *Hanna, Mitchell & Mitchell,* for appellees.

OPINION BY JUDGE MENCER, September 13, 1979:

This appeal presents to us a single issue which can be succinctly stated: Can a third class city reduce the number of firemen for economy reasons without enacting an ordinance to provide for such reduction?

On March 13, 1978, the Washington City Council voted to lay off, for economy reasons, three men within the fire department, and, on March 27, 1978, the employment of three firemen was terminated. There is no disagreement that these three firemen are the proper persons whose employment would be terminated if Section 11 of the Act of May 31, 1933, P.L. 1108, *as amended* (Firemen's Civil Service Act), 53 P.S. §39871,[1] is applicable. The Firemen's Civil Ser-

---

[1] The pertinent part of Section 11 of the Firemen's Civil Service Act reads as follows:

If for reasons of economy, or other reasons, it shall be deemed necessary by any city to reduce the number of paid members of any fire department, or the number of fire alarm operators or fire box inspectors in the bureau of electricity, then such city shall follow the following procedure:

First. If there are any paid firemen, fire alarm operators or fire box inspectors eligible for retirement under

vice Act establishes the *exclusive procedure*[2] when a reduction in the number of personnel in the city fire department is contemplated. *See Genes v. City of Duquesne,* 27 Pa. Commonwealth Ct. 620, 367 A.2d 327 (1976).

However, the appellants here, members of the Washington City Fire Department, contend that the ordinance requirement set forth in Section 902 of The Third Class City Code, Act of June 23, 1931, P.L. 932, *as amended,* 53 P.S. §35902,[3], is to be read in pari

---

the terms of any pension fund, then such reduction in numbers shall be made by retirement on pension of all the oldest in age and service.

Second. If the number of paid firemen, fire alarm operators and fire box inspectors eligible for retirement under the pension fund of said city, if any, is insufficient to effect the reduction in number desired by said city, or if there is no eligible person for retirement, or if no pension fund exists in said city, then the reduction shall be effected by suspending the last man or men, including probationers, that have been appointed. Such removal shall be accomplished by suspending in numerical order, commencing with the last man appointed, all recent appointees until such reduction shall have been accomplished.

[2] Section 17 of the Firemen's Civil Service Act, 53 P.S. §39877, reads as follows:

All acts and parts of acts, general, special or local, inconsistent with this act are hereby repealed. It is the purpose of this act to furnish a complete and exclusive system for the appointment, promotion, reduction, removal and reinstatement of all officers, firemen, or other employees of fire departments, and of all fire alarm operators and fire box inspectors in the bureaus of electricity, in all cities of the . . . third class wherein such officers and employees are paid.

[3] The pertinent part of Section 902 of The Third Class City Code reads as follows:

Council shall prescribe, by ordinance, the number, duties, and compensation of the officers and employes of the city.

materia with Section 11 of the Firemen's Civil Service Act. We have studied the two acts in question and must conclude, as did the Court of Common Pleas of Washington County, that the Firemen's Civil Service Act removed firemen from the provisions of The Third Class City Code and established a separate civil service system for firemen.

Section 11 of the Firemen's Civil Service Act permits reduction of firemen for reasons of economy and sets forth a procedure to follow. We are of the view that the reduction of fire personnel in a third class city is governed exclusively by Section 11, which need not be read in pari materia with Section 902 of The Third Class City Code and does not stand in need of the passage of an ordinance.

Since the appellees here complied with the requirements of Section 11 of the Firemen's Civil Service Act, the court below properly sustained preliminary objections in the nature of a demurrer and dismissed appellants' complaint in equity.

Order affirmed.

### Order

And Now, this 13th day of September, 1979, the order of the Court of Common Pleas of Washington County, dated April 4, 1978, sustaining the preliminary objections of Michael Johns, Suzanne Gomez, and Leo Trisch,[4] in the nature of a demurrer, and dismissing the complaint in equity of Walter Linn Brookman and Daniel E. Morris, for themselves and all others similarly situated, is hereby affirmed.

---

[4] The caption to this appeal spells "Trisch" as "Trich".