County of Allegheny et al., Petitioners *v.* Commonwealth of Pennsylvania, LeRoy Zimmerman and Robert Colville, Respondents.

Submitted on briefs October 5, 1982, to President Judge CRUMLISH, JR. and Judges WILLIAMS, JR., CRAIG, MACPHAIL and DOYLE.

*James H. McLean,* County Solicitor, with him *Robert L. McTiernan,* Assistant County Solicitor, for petitioners.

*Allen C. Warshaw,* Deputy Attorney General, Chief of Special Litigation, with him *Marlene W. Jackson,* Deputy Attorney General, for respondents.

OPINION BY JUDGE DOYLE, January 5, 1983:

This case is before us on a motion for summary judgment under Pa. R.C.P. No. 1035 in a declaratory action which names the Commonwealth as a defendant and seeks resolution of an apparent conflict between provisions in the Second Class County Code (Code), Act of July 28, 1953, P.L. 723, *as amended,* 16 P.S. §§3101-6302 and the federal Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§621-634 (1976).

No relevant facts are in dispute. The Commissioners of Allegheny County determined that for economic reasons it was necessary to reduce the force of the Allegheny County Fire Department by twelve firemen. Section 4519 of the Code provides in pertinent part:

If, for reasons of economy or other reasons, it shall be deemed necessary by the board of county commissioners to reduce the number of policemen in the police force or firemen or fire inspectors, then such reduction in numbers *shall* be made in the following manner: (1) if there are any policemen, firemen or fire inspectors eligible for retirement under the terms of any retirement or pension system or law, then such

reduction in numbers shall be made by retirement, if the party to be retired has served in the police force or as a fireman or fire inspector for a period of at least twenty-five years and reached the age of fifty-five years or over; (2) if the number of policemen, firemen or fire inspectors eligible for retirement is insufficient to effect the reduction in numbers decided upon by the board of county commissioners, . . . then the reduction shall be made by furloughing the last policeman, fireman or fire inspector, including the probationers, that have been appointed . . . and continue in numerical order until the reduction decided upon the board of county commissioners has been effected.

16 P.S. §4519 (emphasis added). The ADEA, on the other hand, prohibits the discharge of or discrimination against an employee because of age. It does permit an employer to "observe the terms of a bona fide seniority system or any bona fide employee benefit plan. . . ." 29 U.S.C. §623(f)(2), but in 1978 Congress amended the section to provide that "no such seniority system or employee benefit plan shall require or permit the involuntary retirement of any individual specified by section 631(a) of this title because of age of such individual; . . ." 29 U.S.C. §623(f)(2), *as amended* (1978). The Code and the ADEA each provide penalties for violation by employers.

Currently, two County firemen would qualify for compulsory retirement under the Code provision and another ten firemen would be furloughed. If the ADEA forbids the involuntary retirement of these two eligible firemen, two other firemen in addition to the ten would be furloughed. None of these firemen are parties in the present action.

Section 7540 of the Declaratory Judgments Act, 42 Pa. C.S. §7540 provides:

> When declaratory relief is sought, all persons *shall* be made parties who have or claim any interests which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding.

42 Pa. C. S. §7540 (emphasis added). The statutory language is mandatory and, prior to the enactment of the Declaratory Judgments Act, our Supreme Court had held that a declaratory judgment action will not lie unless all interested parties who could be affected by the judgment are joined. *Mains v. Fulton,* 423 Pa. 520, 224 A.2d 195 (1966); *Carlsson v. Pennsylvania General Insurance Co.,* 417 Pa. 356, 207 A.2d 759 (1965). *See also Mid-Centre County Authority v. Township of Boggs,* 34 Pa. Commonwealth Ct. 494, 384 A.2d 1008 (1978).

There can be little question that those firemen whose continued gainful employment will depend on which method is chosen to effect the reduction in the firefighting force are interested parties in this action.[1] Two firemen who will not be furloughed under the Code provision *will* lose their jobs if we declare the ADEA to be controlling. And if we declare the ADEA inapplicable to this force reduction, two other firemen will suffer the economic disadvantage of forced early retirement. It is clear that the rights of two of these four individuals will be prejudiced no matter which way we decide this case. We therefore cannot decide it without joinder of those individuals as parties and representation of their substantial economic inter-

---

[1] *See Local 302, International Association of Fire Fighters v. City of Allentown,* 55 Pa. Commonwealth Ct. 599, 423 A.2d 1119 (1980); *Schultz v. Piro,* 40 Pa. Commonwealth Ct. 395, 397 A.2d 484 (1979); *Paterra v. Charleroi Area School District,* 22 Pa. Commonwealth Ct. 451, 349 A.2d 813 (1975).

ests.[2] Of course, any additional firemen who have also become eligible for compulsory retirement and will be affected by any judgment we would enter in this case, must also be joined.

ORDER

Now, January 5, 1983, the motion for summary judgment is denied and joinder of additional parties consistent with this opinion is hereby ordered.

---

[2] According to the positions on the merits taken by the present parties, the joinder should align the firemen who would be involuntarily retired with the County officials as petitioners, invoking the protection of the ADEA. The firemen threatened with furlough if the ADEA applies should be aligned with the Attorney General, arguing that the Code is controlling.