**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
v.
**CITY OF ALTOONA, PENNSYLVANIA,**
Commonwealth of Pennsylvania.

**Appeal of UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION.**

No. 82–5805.

United States Court of Appeals,
Third Circuit.

Argued Oct. 24, 1983.

Decided Dec. 13, 1983.

David L. Slate, Gen. Counsel, Philip B. Sklover, Associate Gen. Counsel, Vella M.

Fink, Asst. Gen. Counsel, Dianna B. Johnston (argued), Atty., E.E.O.C., Washington, D.C. for appellant, E.E.O.C.

Alton P. Arnold, Jr., Deputy Atty. Gen., Pittsburgh, Pa., for Com. of Pa.

James A. Mollica, Jr. (argued), Meyer, Darragh, Buckler, Bebenek & Eck, Pittsburgh, Pa., for appellee, City of Altoona.

Before GIBBONS, GARTH and HIGGINBOTHAM, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

The Equal Employment Opportunity Commission (EEOC) appeals from a summary judgment in favor of the City of Altoona and the Commonwealth of Pennsylvania, in its complaint for injunctive relief prohibiting the City from violating the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §§ 621–634 (1976 & Supp. V 1981).[1] The complaint also seeks reinstatement and back pay for five former members of the City Fire Department. The district court granted summary judgment, first because the Age Discrimination Act could not, by virtue of the tenth amendment, apply to the City, and second, because the firemen in question were discharged for a reason other than age. We reverse and remand for the entry of an appropriate injunction and back pay award.

### I.

In 1978 the City, experiencing budgetary problems, decided to reduce the size of the Fire Department by eight persons. It selected for termination the eight most recently hired firefighters. Those eight responded by an action in the Court of Common Pleas of Blair County seeking injunctive relief. They contended that the City's action violated Section 11 of the Third Class Cities Firemen's Civil Service Act, Pa.Stat. Ann. tit. 53, § 39871 (Purdon 1957), which provides:

If for reasons of economy, or other reasons, it shall be deemed necessary by any city to reduce the number of paid members of any fire department ... then such city shall follow the following procedure:

First. If there are any paid firemen ... eligible for retirement under the terms of any pension fund, then such reduction in numbers shall be made by retirement on pension of all the oldest in age and service.

The City had previously established a pension plan permitting voluntary retirement at age fifty after at least twenty years of service. In response to the common pleas complaint the City pleaded that the ADEA prohibits "discharge [of] any individual ... because of such individual's age." 29 U.S.C. § 623(a)(1) (1976). In support of that contention the City furnished the common pleas court with a letter from the acting administrator of the Employment Standards Division of the United States Labor Department advising that in the Department's view section 11 of the Pennsylvania statute was preempted by the ADEA. No effort was made to join as parties to the common pleas court action members of the Fire Department who were eligible for pensions.

On March 16, 1979 the common pleas court entered a final judgment holding that the discharge of the eight most recent hires violated section 11 of the Pennsylvania act, and ordering their reinstatement with back pay. Although in denying a preliminary injunction the common pleas court discussed ADEA, the final judgment did not mention it. The City took no appeal. Instead, on March 21, 1979 the City Council resolved to reinstate the discharged recent hires, with back pay, and to discharge seven others in accordance with section 11. Of the seven, two were 57 years of age. Those two were recalled within four days. Five others, the oldest and most senior, ranging in age between 59 and 61 and in service between 26 and 37 years, were not recalled.

Sometime after their forced retirement four of the five were invited to apply for

---

1. The Commonwealth of Pennsylvania was joined as a defendant when the City pleaded that the actions of which complained were taken pursuant to § 11 of the Third Class Cities Firemen's Civil Service Act of May 31, 1933, P.L. 1108, Pa.Stat.Ann. tit. 53, § 39871 (Purdon 1957).

reinstatement on January 1, 1980.[2] The reinstatement offer was conditioned, however, on successfully passing a physical examination and a stress test. Had they not been retired they would not have been required to take either test. One of the four failed the physical examination. The other three refused to submit to the examination.

A charge was filed with EEOC, and its conciliation efforts were unsuccessful. On March 18, 1981 EEOC commenced the instant action. All parties, conceding that there are no disputed issues of material fact, moved for summary judgment.

## II.

■ The first ground relied upon by trial court in granting summary judgment for the City need not long detain us. Relying on *National League of Cities v. Usery,* 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976), the court held that the tenth amendment prohibited Congress from applying the ADEA to municipalities. That decision was made, however, without the benefit of the Supreme Court's subsequent opinion in *EEOC v. Wyoming,* —— U.S. ——, 103 S.Ct. 1054, 75 L.Ed.2d 18 (1983), holding expressly that application of the ADEA to state and local government employers does not violate that amendment. *National League of Cities v. Usery, supra,* appears to have spent whatever energy for growth it might have had.

## III.

The second ground relied upon by the trial court in denying relief is that 29 U.S.C. § 623(a)(1) (1976) was not violated, because the layoffs of the pension eligibles were not because of age, but because of pension eligibility. In support of that construction of the ADEA the court relied upon *McKeesport v. International Ass'n of Firefighters,* 41 Pa.Cmwlth. 133, 399 A.2d 798 (1979).

■ In *EEOC v. County of Allegheny,* 705 F.2d 679 (3d Cir.1983), this court rejected the contention that a Pennsylvania statute imposing a hiring ceiling of 35 years

was a defense to an ADEA charge. That precedent controls. The undisputed facts are that normal retirement age for City firefighters under the City's ordinance is 65, and that the pension eligibles were singled out for involuntary retirement pursuant to section 11 solely because they were the oldest, in years and in service, in the Department. There is no way in which what section 11 requires can be termed a "differentiation [ ] based on reasonable factors other than age." 29 U.S.C. § 623(f)(1) (1976 & Supp. V 1981). Even among pension eligibles, layoffs are on the basis of age. Moreover, seniority is in section 11 inexorably linked with age, and cannot be viewed as a separate factor. *See Laugesen v. Anaconda Co.,* 510 F.2d 307, 313 (6th Cir.1975) (discharge based on longest service violates ADEA); *cf. Geller v. Markham,* 635 F.2d 1027, 1032–33 (2d Cir.1980), *cert. denied,* 451 U.S. 945, 101 S.Ct. 2028, 68 L.Ed.2d 332 (1981) (refusal to hire persons with more than five years experience inevitably excludes older teachers). The construction of the ADEA in *McKeesport v. International Ass'n of Firefighters, supra,* is simply wrong. How wrong is disclosed in the Senate Report on the Age Discrimination in Employment Act Amendments of 1978, Pub.L. No. 95–256, 92 Stat. 189:

> For capable older workers the retirement decision should be an individual option. Maximum freedom of choice should be given to employees in deciding when to retire, provided they are still physically and psychologically able to perform their jobs in a satisfactory manner.

S.Rep. No. 493, 95th Cong., 2d Sess. 3, *reprinted in* 1978 U.S.Code Cong. & Ad.News 504, 506. The 1978 amendments to ADEA added to section 4(f)(2) a prohibition of provisions in an employee benefit plan which "shall require or permit the involuntary retirement of any individual [age 40 to 70] because of the age of such individual." 29 U.S.C. § 623(f)(2) (Supp. V 1981). "[T]he purpose of the amendment to section 4(f)(2) is to make absolutely clear ... that the exception [for bona fide seniority sys-

---

**2.** The fifth died in September 1979.

tems or employee benefit plans] does not authorize an employer to require or permit involuntary retirement of an employee within the protected age group on account of age." H.R.Rep. No. 950, 95th Cong., 2d Sess. 8, *reprinted in* 1978 U.S.Code Cong. & Ad.News 528, 529.

The City attempts to justify the instant involuntary retirements, which plainly are on the basis of age, because of pension *eligibility.* It is well settled, however, that mere eligibility for a pension is not a defense to a prima facie case of age discrimination. *EEOC v. Baltimore and Ohio R. Co.,* 632 F.2d 1107, 1111 (4th Cir. 1980), *cert. denied,* 454 U.S. 825, 102 S.Ct. 113, 70 L.Ed.2d 98 (1981). The City's contention that the retirements were based on economic considerations is equally meritless, for such considerations cannot be used to justify age discrimination. *Smallwood v. United Air Lines, Inc.,* 661 F.2d 303, 307 (4th Cir.1981), *cert. denied,* 456 U.S. 1007, 102 S.Ct. 2299, 73 L.Ed.2d 1302 (1982). Granted that economic considerations demanded some reduction in force, the plain fact is that section 11 on its face imposed the burden of that reduction on older employees in order of their age. This is not permitted by the ADEA, which completely preempts section 11.

### IV.

The City makes one additional argument, not addressed by the trial court. It urges that the ADEA should not apply in this instance because it acted under compulsion of the decree of the common pleas court. We reject that argument. Neither EEOC nor the pension eligible members of the Fire Department were parties to the common pleas action, and that court did not purport to adjudicate their rights. It is true that the court sub silentio rejected the City's tendered defense, under the ADEA, to the suit by the last hires. But the City did not claim to be a class representative for other employees who might be laid off if the late hires were reinstated. Moreover, the City could have, but chose not to pursue appellate remedies with respect to the common pleas court's rejection of its ADEA

defense. It cannot now succeed in placing on the shoulders of older employees, protected by the federal law, the burden of the consequences of the City Council decision to comply with the state court decree rather than appeal.

### V.

The judgment appealed from will be reversed, and the case remanded for the entry of an appropriate judgment, in EEOC's favor, which on this record should include reinstatement and back pay, subject to mitigation, for those pension eligible firefighters who were involuntarily retired pursuant to section 11 of the Pennsylvania act.

