## Sandy Creek Forest, Inc. v. Covington Township

*John A. Mihalik,* for plaintiff.
*Barbara H. Schickling,* for defendant.

REILLY, *P.J.,* May 18, 1984 — This matter comes before the court on defendant's preliminary objections to plaintiff's complaint for declaratory judgment.

It appears that plaintiff purchased 1130 acres of land in Covington Township in April 1983 with the intention of subdividing the land into lots of 10 acres or more to be resold. When plaintiff purchased the property, Covington Township did not require permits for the installation of sewage systems on lots of such size. In May 1983, defendant township enacted an ordinance (Ordinance No. 83-1) providing that a permit be required for the installation of any on-lot sewage disposal system regardless of the size of the tract upon which the system is to be constructed. The ordinance was enacted pursuant to

Title 25, Section 71.41 of the Pennsylvania Code, a regulation of the Department of Environmental Resources (D.E.R.). In November 1983, plaintiff filed its complaint, averring that the ordinance has subjected it to increased costs, has diminished the value of its property, and has denied plaintiff all reasonable uses of its property. Plaintiff also avers that the retroactive application of the ordinance to its property has denied plaintiff the use of its property without due process of law. Plaintiff seeks a declaratory judgment that the application of Ordinance No. 83-1 to its property is illegal and that sewage permits are not required for lots of 10 acres or more.

Defendant's preliminary objections to the complaint are: (1) That plaintiff has not exhausted all of its administrative remedies under procedures set forth in the Pennsylvania Sewage Facilities Act; (2) That plaintiff was required but failed to serve the attorney general; and (3) That the complaint was not properly executed. We find only the third objection to have merit, but the complaint will be dismissed for other reasons discussed below.

In support of its first preliminary objection, defendant asserts that, prior to proceeding on its claim in the court of common pleas, plaintiff must first pursue the administrative remedies set forth in Section 16(b) of the Sewage Facilities Act, Act of January 24, 1966, P.L. (1965) 1535, as amended, 35 P.S. §750.1 et seq. §16(b) provides:

*"Any order, permit or decision of the department* under this act, except as otherwise provided by Section 10(10) and Section 11 of this act, shall be taken, subject to the right of notice and appeal. . . ." 35 P.S. §750.16(b). (Footnotes omitted, Emphasis added).

Clearly, Section 16(b) applies only to actions of "the department", which is defined in Section 2 of

the Act as "the Department of Environmental Resources". 35 P.S. §750.2. In the case at bar, plaintiff is directly challenging the effect and validity of a municipal ordinance and only indirectly challenging the D.E.R.'s regulations upon which the ordinance was based. Also, without a lengthy discussion of administrative law, it is clear that Section 16(b) applies only to orders, permits or decisions of the D.E.R. and not to its regulations, which are entirely different matters. Thus, while plaintiff's action is an indirect attack on 25 Pa. Code §71.41, it is not an attack on any "order, permit or decision" of the D.E.R. as defendant suggests and, therefore, it does not fall within the scope of Section 16(b).

Moreover, plaintiff is proceeding under the Declaratory Judgments Act, 42 Pa. C.S. §7531 et seq., which provides that "Courts of record, within their respective jurisdictions, shall have power to declare rights, status, and other legal relations *whether or not further relief is or could be claimed.*" 42 Pa. C.S. §7532 (Emphasis added). Since an actual controversy appears to exist between the parties to this action, plaintiff's question whether Ordinance No. 83-1 is retroactive in effect and, specifically, whether it applies to plaintiff is properly before the court.

Defendant's second objection is that plaintiff was required but failed to serve Attorney General of the Commonwealth of Pennsylvania. In support thereof, defendant cites §16(a) of the Sewage Facilities Act, which provides in relevant part: "The Attorney General shall be notified in writing by the appellant of any appeal challenging the constitutionality of any provision of this act or the validity of any rule or regulation promulgated hereunder." 35 P.S. §750.16(a). The instant proceeding is not an "appeal" from a decision of any tribunal or agency, and, therefore, plaintiff was not required to notify the at-

torney general of this proceeding under Section 16(a).

Defendant's last preliminary objection is directed to the verification of the complaint, which is required by Pa.R.C.P. 1024. Plaintiff is a corporation, but there is no indication that the complaint was verified by an officer or authorized representative of the corporation. The authority of the individual who signed the affidavit was not set forth. However, this defect could readily be cured by the filing of an amended affidavit.

Lastly, the Court, of its own motion, notes that the Declaratory Judgment Act requires that "all persons shall be made parties who have or claim any interest which would be affected by the declaration. . . ." 42 Pa. C.S. §7540(a). That provision is mandatory. Allegheny County v. Commonwealth of Pennsylvania, 71 Pa. Commw. 32, 453 A.2d 1085 (1983); Mid-Centre County Authority v. The Township of Boggs et al., 34 Pa. Commw., 494, 384 A.2d 1008 (1978).

It is clear that plaintiff and defendant will not be the only parties affected by this action. All other owners of tracts of 10 acres or more in Covington Township who have constructed sewage systems without a permit or who have yet to construct sewage systems will be affected by the court's declaration. Further, plaintiff's questioning of the validity of Ordinance No. 83-1 being a challenge to Title 25, Section 71.41 of the Pennsylvania Code, the D.E.R. has a definite interest in the outcome of this proceeding and it, too, would be affected by the decision on the merits. Accordingly, the complaint will be dismissed without prejudice.

Wherefore, the court enters the following

## ORDER

Now, this May 18, 1984, upon consideration of defendant's preliminary objections in the above-captioned matter and after hearing arguments thereon, it is the order of this court that the same be and are hereby sustained in part and dismissed in part in accordance with the attached memorandum, and, further, that plaintiff's complaint for declaratory judgment be and is hereby dismissed without prejudice.